LEDBETTER *v.* STATE

[No. 136, September Term, 1960.]

*Decided February 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Norman N. Yankellow*, with whom was *Joseph Rosenthal* on the brief, for appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris* and *James W. Murphy, State's Attorney* and *Assistant State's Attorney,* respectively, on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

John Frank Ledbetter, Jr., appellant, claims on appeal that the jury's verdict of guilty of murder (without capital punishment) was inconsistent with their verdict of not guilty of robbery, and must fall because if there was evidence sufficient to justify the murder verdict, which he denies, that evidence was that the killing occurred in the perpetration of a robbery.

We find in the record testimony including an oral and a written confession of appellant, which were exculpatory in part, from which the jury could have found as facts that: four negro youths, Jerry, Eddie, Bones, and appellant, decided to rob an elderly man on a Baltimore street corner about ten o'clock one August evening in order to get more wine to drink; Jerry hit the man on the jaw and knocked him down so that the back of his head hit the street or the curb; before Jerry hit the man appellant knew they were going to rob him; Eddie and Bones took a small amount of money and a ring from the man; appellant grabbed the victim's left arm and tried to pull him back to the curb; the four fled hurriedly because several people had seen the incident; immediately after the robbery the four regathered in an alley and drank some wine one of them bought; later, three of them went to appellant's house and Bones told appellant of taking the ring;

the victim of the robbery died several hours after being struck from the blows to the face and head.

Appellant's contention that the evidence was insufficient to sustain the verdict of guilty of murder cannot be considered because no motion for a directed verdict was made at any stage of the trial. Under Art. XV, Sec. 5 of the Constitution of Maryland, Code (1957), Art. 27, Sec. 593, and Maryland Rule 738, appellate review of the sufficiency of the evidence in a criminal case before a jury is predicated entirely upon the refusal of the court to grant a motion for a directed verdict of not guilty. In the absence of such a motion below, "there can be no review of the sufficiency of the evidence." *Auchinclose v. State*, 200 Md. 310, 315; the law on the point was fully reviewed in *Woodell v. State*, 223 Md. 89.

Appellant cannot prevail in his second contention that the claimed inconsistency between the verdict of not guilty of robbery and the verdict of guilty of murder must cause the guilty verdict to be stricken. Some courts hold, as appellant urges us to hold, as cases in the annotation in 80 A.L.R. 171 disclose. Others, including the lower Federal courts, the Supreme Court and this Court, have taken the opposite view. *Steckler v. United States* (C. C. A. 2d), 7 F. 2d 59, 60; *Dunn v. United States*, 284 U. S. 390, 393, 76 L. Ed. 356, 358; *United States v. Dotterweich*, 320 U. S. 277, 88 L. Ed. 48; *Leet v. State*, 203 Md. 285, 293, 294; *Williams v. State*, 204 Md. 55, 64.

In the *Dunn* case, Mr. Justice Holmes said for the Court: "Consistency in the verdict is not necessary. * * * That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

In *Leet* we held that possible inconsistency between acquittal of wilful failure to pay income tax and conviction of wilful failure to file a return did not require reversal. The *Dunn* case was quoted, as was the language of Judge Learned Hand in *Steckler v. United States, supra,* that "the most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not

convinced of the defendant's guilt." Judge Sobeloff said for the Court: "If we nevertheless assume that there was an inconsistency, the result is not necessarily to reverse the conviction. While it is true that a finding of *guilt* on two inconsistent counts will be declared invalid in Maryland, *Heinze v. State,* 184 Md. 613, 617, 42 A. 2d 128, 130,[1] it does not follow that a conviction on one count may not stand because of an inconsistent acquittal on another count." The same holding was made in *Williams* as to claimed inconsistency between innocence of disorderly conduct and guilt of assault. It was said that *Leet* "held that a conviction on one count may stand even in the face of an inconsistent acquittal on another count. Each count of an indictment is regarded as if it were a separate indictment, and the inquiry is whether the evidence is sufficient to support the conviction on that count without regard to the disposition of other counts." We have noted earlier that the matter of the sufficiency of the evidence to support the murder verdict was for the jury, and is not before us for review.

We have dealt with appellant's argument on this point on the premise that the two verdicts were inconsistent, but in the jury's mind they may well have resulted from a planned consistency. Judge Byrnes charged the jury in the terms of Code (1957), Art. 27, Sec. 410 (which appellant's counsel said were acceptable), that under the law of Maryland "any murder which shall be committed in the perpetration of or attempt to perpetrate any robbery shall be murder in the first degree."

The jury could have concluded without being completely illogical that appellant attempted to rob the victim but did not personally succeed, and acquitted him of robbery, while finding him guilty of murder under the evidence because, in the words of the charge, he was "acting in a common design or purpose" with his three companions and therefore was "responsible for everything done by his confederates which

---

1. In many of the cases involving the question, the point was not raised below and this Court did not pass on the effect of the inconsistency. Novak v. State, 139 Md. 538, 542; Bell v. State, 220 Md. 75, 81; Hardesty v. State, 223 Md. 559, 562.

reasonably follow in the execution of that design as one of its probable consequences, even though it may not have been intended as part of the original plan * * *."

*Judgment affirmed.*