## ROBINSON *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 105, September Term, 1965.]

172

*Decided April 1, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

· MARBURY, J., delivered the opinion of the Court.

We adopt the first two reasons set forth in the opinion of Judge Foster in the court below denying post conviction relief.

The applicant's third contention alleges a denial of what is known as the right of allocution.

In *Hill v. United States,* 368 U. S. 424, 7 L. Ed. 2d 417, the Supreme Court considered a case where there was no question but that the Federal District judge, at the time for sentencing, did not afford the convicted defendant an opportunity personally to speak in his own behalf as required by Federal Criminal Rule 32(a). The only issue presented was whether such failure, without more, furnishes ground for a successful collateral attack upon the judgment and the sentence under the federal statute (28 U.S.C. § 2255) which provides for collateral attack similar to the Maryland Uniform Post Conviction Procedure Act, Code (1965 Supp.) Article 27, §§ 645A-J. The Court stated that § 2255 was enacted simply to provide a remedy "exactly commensurate with that which had previously been available by habeas corpus" (see *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643, to the same effect). The Court held, at page 428:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither juris-

dictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure."

The transcript provided by applicant revealed that the trial judge asked: "[I]s there anything further?" The circumstances, therefore, are not as grievous as *Hill* where it appears that sentence was imposed without such a question being propounded.

We note, moreover, that Maryland Rule 761 a in part provides: "Before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment." The applicant here makes no allegation that his counsel was not given the opportunity to speak.

For these reasons the application for leave to appeal is denied.

*Application denied.*