# CARL STANLEY KENT *v.* STATE OF MARYLAND

[No. 138, September Term, 1979.]

*Decided April 8, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Ray E. Stokes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Harvey Greenberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The principal issue in this appeal from the Criminal Court of Baltimore concerns the manner in which the sentences were imposed.

On May 4, 1979, the defendant-appellant, following plea negotiations, entered guilty pleas to charges of assault, malicious destruction of property, and failure to stop a motor vehicle after an accident involving damage to another's property. These three charges, as well as several others which were nolle prossed as part of the plea bargain, arose out of the same circumstances. The trial judge deferred sentencing until the following month in order to obtain a presentence investigation.

After the trial but before sentencing in the instant case, the defendant was tried and convicted before a different judge in the Criminal Court of Baltimore on another charge

of assault. This charge was based upon an unrelated incident and was not included in the plea bargain.

Sentencing in both cases, before the two different trial judges, took place on June 13, 1979, with the sentencing hearing in the present case occurring first. At that hearing the defendant's attorney made an argument in mitigation, the defendant himself was given the opportunity to speak and declined, and the trial judge then stated:

> "This defendant is also scheduled for sentencing this morning before Judge Bothe with respect to another and more serious assault. Judge Bothe and I were aware that we had the same defendant pending disposition before each of us. We, therefore, have consulted, and we have shared the reports of presentence investigation by both the Division of Parole and Probation and the Medical Service of the Supreme Bench. *We have discussed and between the two of us agreed upon the overall sentence or aggregate of the sentences which this defendant will serve,* and we also agreed that each of us would give credit against our respective sentences of the pretrial detention time attributable to the offenses tried before us." (Emphasis supplied.)

The judge proceeded in this case to sentence the defendant to five years' imprisonment for assault, three years for malicious destruction of property and 60 days for failing to stop after a motor vehicle accident, all sentences to run concurrently. The sheriff was then directed to take the defendant to the other judge's courtroom for sentencing on the unrelated assault conviction.[1]

Thereafter, the defendant took an appeal to the Court of Special Appeals. The chief contention in the defendant's brief before the intermediate appellate court focused upon the trial judge's statement at the disposition hearing that he and the trial judge in the other case "have . . . agreed upon the overall sentence or aggregate of the sentences which this

---

1. The record does not disclose what sentence was imposed in that other case.

defendant will serve." The defendant argued that, in light of this language, the sentence was finally determined when the two judges reached an agreement. Therefore the "critical" sentencing proceeding, in the defendant's view, was the earlier conference between the two judges and not the purported dispositional hearing in open court. It was argued that, because neither the defendant nor his attorney were present at this judges' conference where the sentence was finally determined, the defendant's constitutional rights were violated. The defendant relied on the principle that sentencing is a critical stage of the criminal proceeding at which a defendant has a right to the assistance of counsel under the Sixth and Fourteenth Amendments. *See Gardner v. Florida,* 430 U.S. 349, 358, 97 S. Ct. 1197, 1205, 51 L. Ed. 2d 393 (1977); *Mempa v. Rhay,* 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967). *See also Rome and Modo v. State,* 236 Md. 583, 588-589, 204 A.2d 674 (1964). Reliance was also placed upon the principle that a criminal defendant has a right to be present at all stages of his trial. *Bunch v. State,* 281 Md. 680, 683-685, 381 A.2d 1142 (1978), and cases there cited.[2]

In light of the constitutional questions which were raised and which have not previously been dealt with by this Court in a similar context, we issued a writ of certiorari after briefing but prior to oral argument in the intermediate appellate court.

The defendant in oral argument before this Court makes essentially the same contentions outlined above, insisting that the "actual sentencing" was the conference between the two judges. The State, in response, suggests that the case does not present the issues of the defendant's right to counsel and right to be present at the sentencing proceeding, as the defendant clearly was present and was represented by counsel at the formal sentencing hearing and imposition of

---

2. In *Bunch,* 281 Md. at 683-684, we pointed out that this is a common law right preserved by Art. 5 of the Maryland Declaration of Rights, that in some measure at least it is also protected by the Fourteenth Amendment to the United States Constitution, and that it is guaranteed by Maryland Rule 724.

sentences. Instead the real question, according to the State's oral argument, is whether the earlier sentencing "agreement" between the two judges was inconsistent with the defendant's right of allocution under Maryland Rule 772 d. The State takes the position that if the trial judge "had made up his mind" at the conference with the judge in the other case, then the defendant's "right of allocution would be rendered meaningless." The State, although acknowledging that the language concerning an agreement is "certainly troublesome," argues that the trial judge had not finally made up his mind.

On several occasions we have emphasized our adherence to the "principle that courts should not decide constitutional issues unnecessarily." *Hillard v. State,* 286 Md. 145, 150 n. 1, 406 A.2d 415, 418 (1979); *State v. Raithel,* 285 Md. 478, 484, 404 A.2d 264, 267 (1979). Consequently, if the relief sought by the defendant should be granted under Rule 772 d, we would not reach the issues raised by the defendant.

Rule 772 d provides as follows:

"*Allocution.*
"Before imposing sentence the court shall inform the defendant that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right."

Considering the language of the rule, its requirements are clearly mandatory. *Brown v. State,* 11 Md. App. 27, 272 A.2d 659, *cert. denied,* 261 Md. 722 (1971). *See also In re James S.,* 286 Md. 702, 410 A.2d 586 (1980); *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979); *Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978).[3] Where there is a violation of the rule, the

---

**3.** The history of Rule 772 d, which was previously numbered Rule 761 a, confirms that it was intended to be mandatory. An excellent discussion of the rule and the right to allocution generally, including the history of the right and cases in other jurisdictions, is contained in Judge Thompson's opinion for the Court of Special Appeals in Brown v. State, 11 Md. App. 27, 272 A.2d 659, *cert. denied,* 261 Md. 722 (1971).

remedy is resentencing. *Rome and Modo v. State, supra,* 236 Md. at 589.

Literally, Rule 772 d was complied with in the instant case. The trial court informed the defendant of his right to speak in mitigation of punishment, offered him the opportunity to speak personally, and listened to his counsel's argument.

Moreover, that a trial judge previously may have had discussions with one of his colleagues concerning a defendant's sentence, may have reviewed and discussed the presentence investigation report and medical report with another judge, and may have come to the sentencing hearing with a tentative sentence in mind, would not be inconsistent with the right of allocution. Rule 772 d obviously does not provide that the judge will consider only matter presented at the sentencing hearing. It is proper, and desirable, for judges of a trial court to discuss with one another appropriate sentences to be imposed, particularly when more than one judge is to impose sentences upon the same defendant. *See Commonwealth v. Knighton,* 251 Pa. Super. 299, 380 A.2d 789, 790, 793-794 (1977); *American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures,* § 7.1 and Comments (Approved Draft, 1968). *Cf. State v. Keating,* 85 Md. 188, 192-193, 36 A. 840 (1897). Ideas resulting from discussions among judges may well contribute to more enlightened sentencing. Assuming arguendo that greater uniformity in sentencing is desirable, as many persons urge, such discussions may well promote that uniformity. Additionally, there is nothing improper about a trial judge's having reached a tentative conclusion regarding the appropriate sentence before the dispositional hearing begins. After a trial judge has heard the evidence at the criminal trial itself and reviewed the report of the presentence investigation, it would be surprising if he did not have a tentative opinion. Having reached an opinion beforehand does not mean that the judge will refuse to consider what is presented at the sentencing hearing. A previously held opinion regarding the appropriate sentence

may well be modified after listening to counsel's and defendant's statements in mitigation of punishment.

Consequently, the fact that the trial judge in the instant case discussed with the trial judge in the other assault case the aggregate sentences which should be imposed on the defendant does not violate Rule 772 d. And if, as a result of those discussions and other information before him, the trial judge formed a tentative opinion before the sentencing hearing as to the total length of time the defendant should serve, this also would not be inconsistent with Rule 772 d.

On the other hand, we agree with the State's position that a *binding* agreement between two trial judges who are to sentence the defendant in two different cases, reached prior to the sentencing hearing, is inconsistent with the right of allocution under Rule 772 d. *See Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650, 651, 654-655 (1976); *Commonwealth v. Knighton, supra,* 380 A.2d at 792-794 (Spaeth, J., dissenting); *American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures,* § 7.1 and Comment e (Approved Draft, 1968). In other words, if the prior agreement is so firm that whatever is later said by the defendant or counsel in mitigation cannot be taken into consideration, or cannot change the trial judge's conclusion no matter how meritorious the argument, then the right of allocution becomes meaningless.

In the case at bar, we doubt that the very able trial judge intended to convey the impression that the prior "agreement" regarding the total sentences was so firm that it was not subject to modification regardless of what was presented by the defendant or his counsel in mitigation. Nevertheless, as candidly acknowledged by the State, the particular language used by the judge is "troublesome." It was stated, without qualification, that the two judges "have discussed and between the two of us agreed upon the overall sentence or aggregate of the sentences which this defendant

will serve." Therefore, in the interests of justice, we shall remand this case for resentencing.[4]

> *Judgment affirmed except as to the sentences imposed.*
> *Sentences vacated and case remanded for resentencing in accordance with this opinion.*
> *Costs to be paid by the Mayor and City Council of Baltimore.*

---

**4.** In addition to challenging the sentencing procedure, the defendant in his brief also argued that he "did not make a valid waiver of his right to plead not guilty." This point was not addressed in oral argument before this Court. Nevertheless, the issue is devoid of merit. The record demonstrates that the guilty plea represented a voluntary, informed and intelligent choice.