492 A.2d 959

**Keith Joseph LYLES**

v.

**STATE of Maryland.**

**No. 1322, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 22, 1985.

Arthur A. DeLano, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Carmina Szunyog Hughes, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, and M. Kenneth Long, State's Atty. for Washington County, Hagerstown, on brief), for appellee.

Submitted before WEANT, ADKINS and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

On August 20, 1984, Keith Joseph Lyles, appellant, was convicted by a jury in the Circuit Court for Washington County, of battery. The incident arose out of an altercation, at the Maryland Correctional Institute in Hagerstown, in which an inmate received superficial multiple stab wounds. Appellant was committed to the custody of the Division of Correction for ten years, consecutive to the sentence he was then serving. On appeal, he contends that:

1. the evidence was insufficient to sustain his conviction, and

2. the court erred in failing to afford him the opportunity to exercise his right of allocution.

1.

Appellant asserts that the evidence was insufficient to convict him. He argues that the victim had the knife and attacked his cellmate and that he was trying "to help out" his cellmate. Relying on *Kucharczyk v. State*, 235 Md. 334, 201 A.2d 683 (1964), he also argues, that the victim's testimony was so "contradictory that it lacked probative force ..." The State, pointing out that appellant did not "state with particularity why his motion for judgment of acquittal should be granted," argues that this issue has not been preserved for appellate review. If preserved, it further argues that the evidence is sufficient.

We agree with the State that this issue has not been preserved for review. Appellant moved for judgment of acquittal at the end of the State's case and at the end of all of the evidence. On neither occasion did he present argument in support of his motion. In fact, in response to the judge's question, whether he wished to be heard in connection with the motion at the end of the evidence, his counsel responded, "I'll waive". We agree that without intending to do so, he did, in fact, "waive" the argument.

Appellant was indicted on June 1, and tried August 20, 1984. This case, therefore, is governed by the new

Maryland Rules of Practice and Procedure. Order of the Court of Appeals Adopting Rules of Practice and Procedure, April 6, 1984.[1] Maryland Rule 4–324, effective July 1, 1984, provides:

RULE 4–324. MOTION FOR JUDGMENT OF ACQUITTAL

(a) Generally.—A defendant may move for judgment of acquittal on one or more counts, or on one or more degrees of an offense which by law is divided into degrees, at the close of the evidence offered by the State and, in a jury trial, at the close of all of the evidence. *The defendant shall state with particularity all reasons why the motion should be granted.* No objection to the motion for judgment of acquittal shall be necessary. A defendant does not waive the right to make the motion by introducing evidence during the presentation of the State's case.

(b) Action by the Court.—If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall enter the judgment or direct the clerk to enter the judgment and to note that it has been entered by direction of the court. The court shall specify each count or degree of an offense to which the judgment of acquittal applies. (emphasis added)

By its express terms, the Rule requires that when a motion for judgment of acquittal is made, a defendant must state with particularity, all reasons for the motion. No such requirement was contained in former Maryland Rule 756a.[2]

---

1. "ORDERED that the Rules, Forms and Amendments hereby adopted by this Court shall govern the courts of this State and all parties and their attorneys in all actions and proceedings, and shall take effect and apply to actions commenced on or after July 1, 1984, and insofar as practicable, to all actions then pending ..."

2. RULE 756. Motion for Judgment of Acquittal.
   a. When Made.
      At the close of the evidence offered by the State, a defendant may move for a judgment of acquittal on one or more counts,

The issue then is whether a substantive change was intended and effected by the promulgation of Maryland Rule 4–324. We think that it was.

Under former Rule 756a., no reasons were necessary or required to be advanced in support of a motion for judgment of acquittal. Any issue within the ambit of the motion, if denied, was preserved for review. *Cranford v. State*, 36 Md.App. 393, 373 A.2d 984 (1977). In *Cranford*, we said:

> Unlike Rule 552, applicable in civil cases, Rule 755 [3] does not require the moving party to state grounds or reasons for granting the motion (other than the broad ground of insufficient evidence), nor does Rule 755 require the State to set forth specifically its reasons why the motion should be denied. (footnote added)

*Id.* at 402, 373 A.2d 984.

Former Maryland Rule 552a., at that time, required that a motion for directed verdict "shall state the grounds therefor." [4] That rule has been interpreted to require that the grounds offered in support of the motion for directed verdict be stated. *See, Levin v. Cook*, 186 Md. 535, 47 A.2d 505 (1946); *Rockville In. Corp. v. Rogan*, 246 Md. 482, 229 A.2d 76 (1967); *Glover v. Saunders*, 252 Md. 102, 249 A.2d

---

or one or more degrees of an offense which by law is divided into degrees. If the motion is not then granted, the defendant may offer evidence, but if so, he withdraws his motion. In a jury trial, a motion for a judgment of acquittal may be made at the close of all the evidence, whether or not such a motion was made at the close of the evidence offered by the State.
b. Action by the Court.
   If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall direct the clerk to enter the judgment of acquittal and to note that it has been entered by direction of the court.

**3.** The predecessor of Rule 756.

**4.** Effective July 1, 1964, New Rule 2–519(a) carried this requirement forward by requiring that "[t]he moving party shall state with particularity all reasons why the motion should be granted."

156 (1969), *Drug Fair of Md. Inc. v. Smith,* 263 Md. 341, 283 A.2d 392 (1971).

With the promulgation of the new Rules and the amendment of the former Rule 756a. to include the emphasized language, it becomes clear that new Rule 4–324 is intended to parallel its civil counterpart. See the 87th Report of the Standing Committee on Rules of Practice and Procedure (December 9, 1983), which states, in pertinent part:

> Other amendments are intended to provide consistency between the criminal rules and counterpart civil rules when there is no apparent reason for differentiation, *e.g.,* the rules covering jury selection, exclusion of witnesses, method of making objection, and others.

■■■ The chief, if not the exclusive, office of the motion for judgment of acquittal is to test the sufficiency of the evidence. We are mindful, however, that the procedural rules are "precise rubrics" designed to promote the orderly and efficient administration of justice and are to be read and followed, *Robinson v. Board of County Comm'rs,* 262 Md. 342, 278 A.2d 71 (1971), and their meaning is to be determined from the "reasonable intendment" of the language in light of the purpose to be achieved. *Johnson v. State,* 274 Md. 29, 333 A.2d 37 (1975). Therefore, the circle is complete. *Cranford* acknowledged the difference between Rule 756a. and 552. New Rule 4–324 eliminated that difference. No grounds for the motion for judgment of acquittal having been provided to the trial court, the issue has not been preserved. Md.Rule 1085.

■■■ Even if the point had been preserved for our review, the appellant would not prevail because the evidence was sufficient to sustain the conviction.

### 2.

The appellant next contends that he was not personally afforded the right to make a statement. At the sentencing, the following occurred:

THE COURT: Mr. Hovemale [appellant's trial counsel], I'll hear from you on behalf of your client, Mr. Lyles.

MR. HOVEMALE: Thank you, your Honor. Your Honor, Keith Lyles is 26 years of age. He's from the Oxon Hill, Washington, D.C. area. It's my understanding that his present incarceration is the first time that he has been incarcerated since arriving at the age of 18. Although Mr. Long says he's serving fifteen years, it's my understanding from talking to his mother, who is here in court, and from talking to Lyles himself that this was revised in some way in February of 1984. It's a matter of record now and that he is actually serving ten years of which he's already served about seven. He is single. He did live with his parents and has been in prison since 1977.

Immediately following this colloquy, the trial judge advised appellant as to his post trial rights and then sentenced him as previously reported. At no time was appellant invited to make a statement or present information, or, in any other manner, afforded an opportunity to allocute.

Maryland Rule 4–342(d) provides:

Before imposing sentence, the court shall afford the defendant the opportunity, *personally and through counsel,* to make a statement and to present information in mitigation of punishment. (Emphasis supplied)

■ The requirements of Maryland Rule 4–342(d) (former Maryland Rule 772d.) are mandatory. *Kent v. State,* 287 Md. 389, 412 A.2d 1236 (1980); *Brown v. State,* 11 Md.App. 27, 272 A.2d 659 (1971). Although the court did hear from the appellant's counsel, the Rule is clear that appellant must be afforded an opportunity to allocute, both personally *and* through counsel.[5] Failure to afford him the

---

5. This case is factually distinguishable from *Logan v. State,* 289 Md. 460, 425 A.2d 632 (1981). While an inquiry directed to counsel in appellant's presence is sufficient compliance with the rule in the

opportunity, personally, is error, the proper remedy for which is remand for resentencing. *Kent v. State, supra.*

CONVICTION AFFIRMED.

SENTENCE VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS PURSUANT TO THIS OPINION.

ONE–HALF OF COSTS TO BE PAID BY APPELLANT. ONE–HALF OF COSTS TO BE PAID BY WASHINGTON COUNTY.

absence of objection, here, the trial judge did not inquire of anyone whether appellant wished to exercise his right of allocution.