517 A.2d 761

**STATE of Maryland**

v.

**Keith Joseph LYLES, Lovette Halsey, Emmanuel King and Michael J. Ulrich.**

**No. 108, Sept. Term, 1985.**

Court of Appeals of Maryland.

Nov. 25, 1986.

Valerie V. Cloutier, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellant.

Joseph S. Friedman, Washington, D.C., for appellee (Lyles).

Arthur A. DeLano, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellees (King & Ulrich).

Gregory A. Jenifer, Baltimore, for appellee (Halsey).

Argued Before SMITH,* ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

COUCH, Judge.

Following the convictions and sentencing of Keith Lyles, Lovette Halsey, Emanuel King and a finding of violation of probation by Michael Ulrich, in different circuit courts, each defendant filed an appeal to the Court of Special Appeals

---

* SMITH, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

raising, *inter alia,* a common issue. In each case it was contended that error was committed when the defendant was sentenced without being advised of the right to allocution in mitigation of punishment pursuant to Md. Rule 4–342(d).[1] Lyles also alleged that the evidence was insufficient to sustain his conviction of battery.

The Court of Special Appeals affirmed each of the convictions; the sentences, however, were vacated and the cases remanded for further proceedings. In Ulrich's case it vacated the finding of probation revocation.[2] Thereafter, the State petitioned this Court for a writ of certiorari on a single issue concerning a defendant's right to allocution. In due time Lyles answered the State's petition and filed a conditional cross-petition. In briefing the cross-appeal, he discussed the following three issues, although the third issue was not raised in the cross-petition:

1. Whether the cross-appellant waived his right to appellate review of the sufficiency of the evidence.
2. Whether there is sufficient evidence to support a conviction for battery.
3. Whether the imposition of a ten year sentence for simple battery is a cruel and unusual punishment.

We granted certiorari on both the petition and conditional cross-petition to consider questions of public importance. The question, common to all the cases, is whether a sentence must be vacated for the court's failure to advise a defendant that he has the right, personally and through counsel, to speak in mitigation of punishment where the defendant made no request to make a statement and no objection to the sentencing procedure. The issues raised by

---

1. Md. Rule 4–342(d) states:

"(d) *Allocution and Information in Mitigation* —Before imposing sentence, the court shall afford the defendant the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment."

2. There is no explanation in the record why the entire probation revocation was vacated rather than just the disposition.

**132**

Lyles in his cross-petition will be addressed later in this opinion.

### (1)

### *Allocution*

The various parties to this controversy agree to the following:

> "At each sentencing defense counsel availed themselves of the opportunity to present argument in mitigation of punishment to the court. In each instance, the court did not advise the defendant that he had a right to make a statement. However, in none of the four sentencings at issue did either the defendant or his attorney object to the procedure or request the opportunity for the defendant to address the court personally."

The Court of Special Appeals, by four different panels, held that Md.Rule 4–342(d) was violated; that court therefore vacated each of the sentences and remanded the matters for new sentencing proceedings.

Rule 4–342(d), under which this appeal arises, is not the first such provision in the Maryland Rules. Former Rule 761(a), from which Rule 4–342(d) evolved, provided:

> "Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment."

In 1977, this rule was revised and changed to Md.Rule 772(c) which read:

> "Before imposing sentence the court shall inform the defendant that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right."

*See* 4 Md.R. 253 (Feb. 16, 1977). Finally, in 1984, the present version, as set forth at note 1, was adopted. It is readily apparent that from the very inception of the rule

providing for the right of allocution the use of the word *shall* makes the rule mandatory. Indeed, Judge Eldridge, writing for the Court in *Kent v. State*, 287 Md. 389, 393, 412 A.2d 1236, 1238 (1980) (decided under Rule 772(c) redesignated as Rule 772(d)), observed, "Considering the language of the rule, its requirements are clearly mandatory." (citations omitted). Furthermore, in *Kent* we held that "where there is a violation of the rule, the remedy is resentencing." *Id.* at 393–94, 412 A.2d at 1238. In so doing we referred to *Rome and Modo v. State*, 236 Md. 583, 589, 204 A.2d 674 (1964) (decided under former Rule 761(a)).

In our view there is simply no requirement that the court inform the accused of his right to allocute under the present rule. Rule 4–342 is somewhat different than former Rule 772(c). The former rule, by its terms, required the court to inform an accused that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment before sentence was imposed. The rule also required the court to afford the defendant an opportunity to exercise this right. The requirement that the court inform the accused of this right was eliminated in the present version of the rule leaving only the requirement that an opportunity to make a statement be afforded.

Since the wording of the former rule required affirmative action by the trial court, there would have been no necessity to change the rule had there been an intention to maintain the requirement to *inform* the accused of his right to allocute. The rule was changed, however, and is unambiguous; the requirement of *informing* the accused was eliminated while the requirement of *affording an opportunity* was retained. The rule says what it says; the Court of Special Appeals erred in concluding that the rule required the court to *inform* the accused of his right to make a statement in mitigation of punishment.

The procedural right to allocute is not one of constitutional proportion. *Robinson v. Warden*, 242 Md.

171, 218 A.2d 217 (1966); *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Rather, it is grounded in the common law. *Dutton v. State,* 123 Md. 373, 91 A. 417 (1914); *see also Harris v. State,* 306 Md. 344, 509 A.2d 120 (1986). Hence, the right to allocute, because it is not a fundamental right, may be waived if not asserted at trial. *Harris v. State,* 306 Md. at 357, 509 A.2d at 126, *cited with approval in State v. Calhoun,* 306 Md. 692, 511 A.2d 461 (1986) (applying waiver principles to common law right of allocution); *cf. Covington v. State,* 282 Md. 540, 386 A.2d 336 (1978) (objection to lack of closing argument held waived); *Banks v. State,* 203 Md. 488, 102 A.2d 267 (1954) (right to have stenographic record of trial held waived). Consequently, by failing to request an opportunity to address the court personally, each of the defendants waived any Rule 4–342(d) right to allocute.

■ Furthermore, a court's failure to ask a defendant, who is represented by an attorney, whether he has anything to say before sentence is imposed is not a jurisdictional error. *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Md.Rule 885 provides that, aside from questions concerning the jurisdiction of the circuit court, "[t]his Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the circuit court." Since the defendants made no objection to the alleged error at trial and made no proffer as to the contents of any desired allocution, the issue was not presented to the trial court. Consequently, it was not properly before the intermediate appellate court and is not now before this Court. *Logan v. State,* 289 Md. 460, 487, 425 A.2d 632 (1981).

### (2)

### *Cross-Appeal*

Turning next to the issues raised by Keith Lyles on cross-petition, we need only address the first. Our conclusion that it is without merit makes it unnecessary to ad-

dress the second. His third issue was not raised in the petition or conditional cross-petition for certiorari and thus is not subject to review here. Md.Rule 813a.

■ With respect to Lyles' first issue, whether the Court of Special Appeals erred in refusing to review the sufficiency of the evidence, we agree with that court in its conclusion that the issue has not been preserved for review. Lyles' trial occurred after the effective date of Md.Rule 4–324 and consequently was governed thereby. *See Ennis v. State*, 306 Md. 579, 510 A.2d 573 (1986), for a discussion of the history and application of Md.Rule 4–324, upholding its validity against an equal protection attack. Section (a) of Rule 4–324 provides:

"(a) *Generally.*—A defendant may move for judgment of acquittal on one or more counts, or on one or more degrees of an offense which by law is divided into degrees, at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. *The defendant shall state with particularity all reasons why the motion should be granted.* No objection to the motion for judgment of acquittal shall be necessary. A defendant does not waive the right to make the motion by introducing evidence during the presentation of the State's case." (emphasis supplied).

The language of the rule is mandatory. Hence Lyles was required to state with particularity all reasons why his motion for judgment of acquittal should be granted. The record is clear; he did not do so on either occasion he made such motion. In fact, his counsel expressly waived making an argument.

We agree with the intermediate appellate court's analysis of why, when former Md.Rule 756 a was changed to Rule 4–324(a), a requirement of a particularized statement of reasons for a motion for judgment of acquittal was added. That court pointed out that by doing so this criminal rule was made consistent with its civil counterpart—Rule 2–519(a). *Lyles v. State*, 63 Md.App. 376, 382, 492 A.2d 959,

962 (1985); *see also* Standing Committee on Rules of Practice and Procedure Rep. No. 87 (Dec. 9, 1983).

Accordingly, no grounds for the motion having been given, the issue of the sufficiency of the evidence has not been preserved.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART. CASES REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENTS OF THE CIRCUIT COURTS. COSTS TO APPELLEES LYLES, HALSEY, KING, AND ULRICH, AND TO CROSS–APPELLANT LYLES.

Concurring opinion by ELDRIDGE, J. in which COLE, J., concurs.

ELDRIDGE, Judge, concurring:

I concur in the result but not in the Court's opinion. With regard to the allocution issue, I agree that Maryland Rule 4–342(d) does not require the trial judge to inform the accused of his right to allocute.

My basic disagreement with the majority concerns Part (2) of the Court's opinion, relating to the application of the rule authorizing motions for judgment of acquittal. This rule, formerly denominated Rule 756, was renumbered Rule 4–324 effective July 1, 1984. At the same time the rule was amended by the addition of language purporting to require that the defendant, in moving for judgment of acquittal, "state with particularity all reasons why the motion should be granted." Counsel for the defendant Lyles, both at the close of the prosecution's case and at the close of all of the evidence, did move for judgment of acquittal. Counsel did not, however, argue the matter before the circuit court. Thus, the majority today concludes, counsel failed to "state with particularity all reasons why the motion should be granted." In light of this failure, the majority refuses to review the sufficiency of the evidence underlying Lyles's conviction. Nevertheless, Lyles's counsel did comply with

the constitutional and statutory prerequisite for appellate review of the sufficiency of the evidence by making motions for judgment of acquittal. Therefore, I would reach the issue of sufficiency and would uphold the conviction on the ground that the evidence was sufficient.

## I.

The language added to the motion for judgment of acquittal rule in 1984 does not provide that a defendant's failure to articulate the reasons for granting the motion precludes appellate review. In fact, neither before July 1, 1984, nor after that date, has the rule contained any language making compliance with its requirements a condition for appellate review of the sufficiency of the evidence. Unlike provisions in the rules concerning objections to evidence or other rulings (Rule 4–322(a) and (c)), or objections to instructions (formerly Rule 757 h, now Rule 4–325(e)) or raising questions in the trial court (Rule 885 and 1085), neither former Rule 756[1] nor present Rule 4–324[2] makes any reference to appellate review or the role of an appellate court.

---

**1.** Former Rule 756 provided as follows:

"Rule 756. Motion for Judgment of Acquittal.

"a. *When Made.*

"At the close of the evidence offered by the State, a defendant may move for a judgment of acquittal on one or more counts, or one or more degrees of an offense which by law is divided into degrees. If the motion is not then granted, the defendant may offer evidence, but if so, he withdraws his motion. In a jury trial, a motion for a judgment of acquittal may be made at the close of all the evidence, whether or not such a motion was made at the close of the evidence offered by the State.

"b. *Action by the Court.*

"If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall direct the clerk to enter the judgment of acquittal and to note that it has been entered by direction of the court."

**2.** Rule 4–324 states as follows:

"Rule 4–324. MOTION FOR JUDGMENT OF ACQUITTAL

"(a) Generally.—A defendant may move for judgment of acquittal on one or more counts, or on one or more degrees of an offense

Actually, as this Court has made clear (*e.g., Woodell v. State*, 223 Md. 89, 93, 162 A.2d 468 (1960)), it is not the rule but a statute which sets forth the condition for appellate review of the sufficiency of the evidence. Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 593, after delineating the role of a jury in a criminal case and after providing for a motion for judgment of acquittal, states that "[i]f the motion is denied the defendant may have a review of such ruling on appeal." [3]

The defendant in the instant case did make the appropriate motions for judgment of acquittal, and the motions were denied by the trial court. Under the unambiguous language of Art. 27, § 593, the defendant Lyles is entitled to appellate review of the trial court's rulings. The effect of today's decision is to deny Lyles and other defendants similarly situated this statutory right conferred by the General Assembly.

---

which by law is divided into degrees, at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. The defendant shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment of acquittal shall be necessary. A defendant does not waive the right to make the motion by introducing evidence during the presentation of the State's case.

"(b) Action by the Court.—If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall enter the judgment or direct the clerk to enter the judgment and to note that it has been entered by direction of the court. The court shall specify each count or degree of an offense to which the judgment of acquittal applies."

3. Art. 27, § 593, reads in its entirety as follows:

"In the trial of all criminal cases, the jury shall be the judges of law, as well as of fact, except that at the conclusion of the evidence for the State a motion for judgment of acquittal on one or more counts, or on one or more degrees of an offense, may be made by an accused on the ground that the evidence is insufficient in law to justify his conviction as to any such count or degree. If the motion is denied, he may offer evidence on his own behalf without having reserved the right to do so, but by so doing, he withdraws his motion. The motion may be made at the close of all the evidence whether or not such motion was made at the conclusion of the evidence for the State. If the motion is denied the defendant may have a review of such ruling on appeal."

## II.

Even though Rule 4–324 does not specify a sanction of nonreviewability on appeal for failure to specify the reasons for a motion for judgment of acquittal, I recognize that Rule 1–201(a) authorizes this Court to "determine the consequences of the noncompliance [with a rule] in light of the totality of the circumstances and the purpose of the rule." Considering the historical function and purpose of a motion for judgment of acquittal in Maryland, this Court should not hold that there will be no appellate review of the sufficiency of the evidence when a defendant makes the required motion for judgment of acquittal but fails to "state with particularity all reasons why the motion should be granted."

The Maryland requirement relating to a motion for judgment of acquittal in criminal cases is not a discretionary appellate preservation rule such as Rules 1085, 885 or 4–325(e). Instead, as recently reviewed by Judge Couch for the Court in *Ennis v. State,* 306 Md. 579, 583–587, 510 A.2d 573 (1986), and by Judge Orth for the Court in *Brooks v. State,* 299 Md. 146, 148–151, 472 A.2d 981 (1984), the requirement of a motion for judgment of acquittal was enacted by the General Assembly to implement the 1950 constitutional amendment authorizing a court to pass upon the sufficiency of the evidence in criminal cases [4] and to confer jurisdiction for appellate review of the trial court's ruling as to the sufficiency of the evidence. Specifically, the provisions for a motion for judgment of acquittal, and the ruling thereon, were intended to constitute a legislative grant of subject matter appellate jurisdiction. As explained in *Woodell v. State, supra,* 223 Md. at 93, 162 A.2d 468:

"The 1950 amendment, which empowered the trial court to direct (not merely to advise) a verdict for the defendant because of the legal insufficiency of the evidence, does not in terms confer a right of appeal. That right is

---

**4.** Article 23 of the Declaration of Rights.

conferred by what is now § 593 of Article 27 of the Code (1957), and that section predicates the right of appeal upon a motion for a directed verdict having been made at the end of the State's case, or, if then overruled and waived by the defendant's offering evidence, upon its having been renewed at the close of all the evidence.... Rule 738 a provides for the making of the above motions (substantially in the words of the statute), but it neither grants nor attempts to limit the right of appeal conferred by the statute. ... We may add that the right of appeal is a creature of the statute, and not of the constitutional amendment."

*See, e.g., Ennis v. State, supra,* 306 Md. at 589, 510 A.2d 573 ("failure to renew the requisite motion effectively withdraws our authority to consider an insufficiency contention"); *Brooks v. State, supra,* 299 Md. at 150 n. 3, 472 A.2d 981 (the provisions "not only authorize an appellate court to review the sufficiency of the evidence in a criminal case, but impress upon it the duty to do so"); *Gray v. State,* 254 Md. 385, 387–388, 255 A.2d 5 (1969), *cert. denied,* 397 U.S. 944, 90 S.Ct. 961, 25 L.Ed.2d 126 (1970) (constitutional amendment and statute granted this Court "the power to review the sufficiency of the evidence"); *Giles v. State,* 229 Md. 370, 384, 183 A.2d 359 (1962), *appeal dismissed,* 372 U.S. 767, 83 S.Ct. 1102, 10 L.Ed.2d 137 (1963) (refusal of motion gives "this Court the power to review the sufficiency of the evidence" and "the defendant is afforded the right of appeal"); *Humphreys v. State,* 227 Md. 115, 123, 175 A.2d 777 (1961) ("appellate review of the sufficiency of the evidence in a criminal case before a jury is predicated entirely upon the refusal of the court to grant a motion for a directed verdict of not guilty"); *Ledbetter v. State,* 224 Md. 271, 273, 167 A.2d 596 (1961); *Briley v. State,* 212 Md. 445, 447, 129 A.2d 689 (1957); *Leet v. State,* 203 Md. 285, 291–292, 100 A.2d 789 (1953); *Auchincloss v. State,* 200 Md. 310, 315, 89 A.2d 605 (1952).

Assuming arguendo that this Court might have the authority to change by rule the legislatively prescribed appel-

late jurisdiction with regard to the sufficiency of the evidence in criminal cases, such purpose should not be attributed to this Court absent clear evidence. There is no indication that, in approving the Rules Committee's proposed change to the motion for judgment of acquittal rule in 1984, this Court intended to expand the jurisdictional prerequisite for appellate review of the sufficiency of the evidence. The minutes of this Court's meetings dealing with the 1984 revision of the rules disclose no discussion with regard to the additional language requiring the defendant to set forth all reasons for the judgment of acquittal motion. In fact, there is no indication that this Court was even aware of this particular change proposed by the Rules Committee.

While it is the intent of this Court, and not of the Rules Committee, which determines the meaning and effect of a rule, it is noteworthy that nothing in the reports of the Rules Committee suggests an intent to add to the jurisdictional conditions for appellate review of the sufficiency of the evidence in criminal cases. The Court of Special Appeals in the instant case relied upon a statement in the Eighty-Seventh Report of the Rules Committee that certain proposed amendments "are intended to provide consistency between the criminal rules and counterpart civil rules when there is no apparent reason for differentiation...." *Lyles v. State,* 63 Md.App. 376, 382, 492 A.2d 959 (1985). The report goes on to list certain examples, but the change in the motion for judgment of acquittal rule is not included within the list. More importantly, there are reasons for differentiation between the motion for judgment of acquittal rule and any civil "counterpart." The historical background and jurisdictional function of the statute providing for motions for judgment of acquittal has no parallel with regard to the civil rules. Moreover, a motion for judgment of acquittal is limited to challenging the legal sufficiency of the evidence to support a guilty verdict. *See* the discussion by Chief Judge Murphy for the Court of Special Appeals in *Vuitch v. State,* 10 Md.App. 389, 395–398, 271 A.2d 371

(1970), *cert. denied,* 404 U.S. 868, 92 S.Ct. 44, 30 L.Ed.2d 112 (1971).[5]

In summary, I would not interpret the new language of Rule 4–324, requiring a statement of reasons for the motion for judgment of acquittal, as imposing an additional prerequisite for appellate jurisdiction to review the sufficiency of the evidence. The language of the rule does not compel such interpretation, and there is no evidence that it was intended by the Court. In light of the history and jurisdictional function of the motion for judgment of acquittal, the majority's holding is inappropriate.

### III.

Even if the history and function of a motion for judgment of acquittal were different in Maryland, I would not refuse to review the sufficiency of the evidence because of defense counsel's failure to specify all reasons for granting the motion.

1. As previously discussed, the only issue which the defense may raise by a motion for judgment of acquittal is the sufficiency of the evidence. The making of the motion itself is an assertion that the evidence is legally insufficient to be considered by the jury. The only purpose in requiring a more detailed statement of reasons for the motion is to benefit the trial judge. Nevertheless, in many instances when the motion is made, it will be obvious to the trial judge what aspects of the case, if any, may be questionable insofar as evidentiary sufficiency is concerned. In this situation a statement of reasons is unnecessary, and neither

---

**5.** Although the federal motion for judgment of acquittal rule does not have the same jurisdictional history and function as the Maryland rule, it is noteworthy that the federal rules differentiate between such motion and a motion for a directed verdict in civil cases. Rule 50 of the Federal Rules of Civil Procedure requires that a "motion for a directed verdict shall state the specific grounds therefor," while Rule 29 of the Federal Rules of Criminal Procedure, governing motions for judgment of acquittal, includes no equivalent requirement, stating instead that the motion shall be granted "if the evidence is insufficient to sustain a conviction."

the trial judge nor counsel may want to prolong the proceedings by oral argument. This is precisely what happened in the case at bar, with the trial judge excusing any requirement of argument, entertaining the motion on its merits each time it was made, and ruling that the evidence was sufficient. Where a rule imposes certain requirements in making a motion, for the benefit of the trial court, ordinarily a trial court has discretion to excuse those requirements and rule on the merits of the motion, and, on appeal, the correctness of the trial court's ruling will be reviewed. *See, e.g., State v. Frazier,* 298 Md. 422, 436–437 n. 11, 470 A.2d 1269 (1984), and cases there cited; *Carey v. State,* 299 Md. 17, 20–21, 472 A.2d 444 (1984); *Pennington v. State,* 299 Md. 23, 28, 472 A.2d 447 (1984).

2. Additionally, refusal to review the trial court's denial of a motion for judgment of acquittal does not end the matter. It simply causes unnecessary delay and a waste of valuable judicial resources. The right not to be convicted on insufficient evidence is a fundamental right protected by the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is not waived by a defense attorney's inadvertence. *United States v. McIntyre,* 467 F.2d 274, 276 n. 1 (8th Cir.1972), *cert. denied,* 410 U.S. 911, 93 S.Ct. 972, 35 L.Ed.2d 274 (1973). Consequently, despite the failure of Lyles's counsel to specify reasons for the motion for judgment of acquittal, Lyles will be entitled to have the sufficiency of the evidence reviewed in a post conviction proceeding. Under these circumstances, "interests of expedition and judicial economy support review ... on direct appeal." *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985), and cases there cited.

## IV.

Lyles's argument of evidentiary insufficiency relates to his conviction for battery upon Joseph Edmondson. The victim Edmondson specifically identified Lyles as one of two prison inmates who entered Edmondson's cell and stabbed

him with a homemade knife. A correctional officer also testified that he saw Lyles and another inmate walk into Edmondson's cell, that he heard scuffling, that he saw Lyles and the other inmate walk out of the cell, and that Edmondson then came out of the cell shouting that he had been stabbed. This was clearly sufficient evidence for the battery charge to have been submitted to the jury. The trial judge was correct in denying the motions for judgment of acquittal.

Judge COLE has authorized me to state that he agrees with the views expressed in this opinion.