685 A.2d 835

**Kent Aubrey BRUMMELL**

v.

**STATE of Maryland.**

**No. 142, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Dec. 2, 1996.

Shannon E. Avery, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Rachel Marblestone Kamins, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore, and Michael C. Maloney, State's Attorney for Dorchester County of Cambridge, on the brief), for Appellee.

Submitted before MOYLAN and SONNER, JJ., and PAUL E. ALPERT, Judge (Retired), Specially Assigned.

MOYLAN, Judge.

The subject of this opinion is the threshold issue of Fourth Amendment coverage, not the ultimate issue of Fourth Amendment satisfaction. Indeed, unless and until Fourth Amendment applicability is established, the Fourth Amendment merits are irrelevant. The Fourth Amendment regulates police *searches* and police *seizures*, commanding that they be reasonable. It does not regulate all police behavior *vis-a-vis* a suspect. The sub-issue is that of when, within the contemplation of the Fourth Amendment, there is a *seizure* of the person so as to engage the gears of the reasonableness requirement.

The appellant, Kent Aubrey Brummell, was convicted by a Dorchester County jury, presided over by Judge Donald F. Johnson, of the possession of cocaine with intent to distribute. On this appeal, he raises the two contentions:

1) that the evidence was not legally sufficient to sustain the conviction; and

2) that Judge Johnson erroneously denied his motion to suppress the physical evidence.

The appellant's first contention is a non-starter. He claims before us that the evidence was not legally sufficient to support his conviction. Unfortunately for him, he failed adequately to make that same claim before the trial court and the issue, therefore, is not preserved for appellate review. At the end of the entire case, the appellant moved as follows: "Make a motion for judgment of acquittal. Submit, Your Honor." Maryland Rule 4–324(a) provides in pertinent part:

(a) A defendant may move for a judgment of acquittal on one or more counts ... at the close of all the evidence offered by the State and, in a jury trial, at the close of all the evidence. *The defendant shall state with particularity all reasons why the motion should be granted.* (Emphasis supplied).

The appellant failed to state with any particularity why his motion should have been granted. In *Garrison v. State,* 88

Md.App. 475, 478, 594 A.2d 1264, *cert. denied* 325 Md. 249, 600 A.2d 418 (1991), we held:

> [A] motion which merely asserts that evidence is insufficient to support a conviction without specifying the deficiency, does not comply with ... Rule [4–324] and thus does not preserve the issue of sufficiency on appellate review.

*See also Parker v. State,* 72 Md.App. 610, 615, 531 A.2d 1313 (1987)("Moving for judgment of acquittal on the grounds of insufficiency of the evidence, without argument, does not preserve the issue for appellate review.") *And see State v. Lyles,* 308 Md. 129, at 134–36, 517 A.2d 761 (1986).

The appellant's second contention is a *non sequitur.* At the time just preceding the chase during which the appellant threw away incriminating contraband, the Cambridge police were proceeding to the appellant's apartment to execute a judicially issued search and seizure warrant. The appellant claims that the application for the warrant did not adequately establish probable cause to justify its issuance. He also claims that the probable cause in the heads of the officers, reflected in the warrant application, did not establish probable cause for their warrantless arrest of him. The appellant, however, does not suggest what possible significance might flow from that fact, even if we were to agree with him.

Were we to reach the Fourth Amendment merits, we would in all likelihood not hesitate to hold that the probable cause was abundant to support either a warrant for the search of both the appellant's apartment and his person or a warrantless arrest of the appellant. We do not, however, find it necessary to address those Fourth Amendment merits.

■ We hold that the physical evidence was properly not suppressed. Our holding, however, is based not upon our conclusion that the Fourth Amendment was satisfied but upon our very different conclusion that the Fourth Amendment was not even applicable so as to require satisfaction. The police behavior that led to the recovery of the cocaine was simply not an activity governed by the Fourth Amendment. Prior to the appellant's act of throwing away a baggie containing cocaine,

there had been no search within the contemplation of the Fourth Amendment and no seizure of the appellant within the contemplation of the Fourth Amendment. The Fourth Amendment requires that searches and seizures be reasonable, not that all police behavior be reasonable. We are not for a moment suggesting that the police behavior in this case was unreasonable; we are only suggesting that the police behavior was not controlled by the Fourth Amendment's reasonableness requirement.

On the night of May 4, 1995, a team of Cambridge police officers went to the appellant's apartment for the purpose of executing a search warrant for both the apartment and the appellant's person. Officer Mark Lewis, in plain clothes, was in an unmarked police car along with Officer Satterfield. As they pulled into the parking lot of the apartment complex, they observed the appellant walking approximately fifty feet away. According to Lewis, the appellant turned, looked at the officers, and then took off in a "running trot." Officer Lewis called out, "Kent, Stop, Police," but the appellant continued to run. Officer Lewis gave chase on foot.

In the meantime, Corporal Bromwell and Detective Jones had proceeded independently to the same area. As the appellant ran from Officer Lewis, Corporal Bromwell attempted to head him off but was unsuccessful. Both Lewis and Bromwell observed the appellant reach into his right pants pocket, remove a clear plastic baggie containing a white substance, and throw it into the air. The baggie and its contents were fully visible to Officer Lewis. After Officer Lewis tackled the appellant and was attempting to handcuff him, Corporal Bromwell, at Lewis's direction, retrieved the baggie, which was lying approximately five to six feet away. The baggie contained 31.5 grams of cocaine, with an estimated street value of $6,200.

In terms of Fourth Amendment applicability, this case is on all fours with the Supreme Court decision of *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In that case, as in this, the police were chasing a

suspect. In that case, as in this, the suspect threw away what turned out to be contraband just prior to being tackled by one of the police officers. The Supreme Court there pointed out that in a case where a suspect who is ordered to stop by the police does not submit to that order but attempts to get away, there is no seizure within the contemplation of the Fourth Amendment until the police have applied force to the body of the fleeing suspect and effectively brought the chase to an end.

In *Hodari*, the California Supreme Court had held that the discarding of the contraband cocaine had been the fruit of an illegal seizure of Hodari's person. The United States Supreme Court accepted the concession by the State of California that a stop of Hodari by the police would have been unreasonable. 499 U.S. at 623 n. 1, 111 S.Ct. at 1548 n. 1. The Supreme Court focused exclusively on the threshold question of whether a seizure of Hodari's person had occurred before he discarded the contraband. If it had, the Fourth Amendment was thereby applicable and the contraband should have been suppressed. If, on the other hand, it had not, the Fourth Amendment was thereby inapplicable and the contraband was properly not suppressed. At issue was not the reasonableness of the police behavior but the threshold applicability of the reasonableness requirement.

> [T]he only issue presented is whether, at the time he dropped the drugs, Hodari had been "seized" within the meaning of the Fourth Amendment. If so, respondent argues, the drugs were the fruit of that seizure and the evidence concerning them was properly excluded. If not, the drugs were abandoned by Hodari and lawfully recovered by the police, and the evidence should have been admitted.

499 U.S. at 623–24, 111 S.Ct. at 1548 (Footnote omitted).

The Supreme Court held that Hodari had not yet been seized when he, still in the act of running away, discarded the contraband:

> [The word "seizure"] does not remotely apply, however, to the prospect of a policeman yelling "Stop, in the name of the

law!" at a fleeing form that continues to flee. That is no seizure.

499 U.S. at 626, 111 S.Ct. at 1550 (Footnote omitted). Justice Scalia further pointed out that an attempted seizure is not a seizure:

[N]either usage nor common-law tradition makes an *attempted* seizure a seizure. The common law may have made an attempted seizure unlawful in certain circumstances; but it made many things unlawful, very few of which were elevated to constitutional proscriptions.

499 U.S. at 626 n. 2, 111 S.Ct. at 1550 n. 2 (Emphasis in original).

The Supreme Court analogized the pedestrian chase in *Hodari* to the vehicular chase in *Brower v. Inyo County*, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), which, the Court concluded, did not amount to a Fourth Amendment "seizure":

Quite relevant to the present case ... was our decision in *Brower v. Inyo County* [489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989)]. In that case, police cars with flashing lights had chased the decedent for 20 miles—surely an adequate "show of authority"—but he did not stop until his fatal crash into a police-erected blockade. The issue was whether his death could be held to be the consequence of an unreasonable seizure in violation of the Fourth Amendment. We did not even consider the possibility that a seizure could have occurred during the course of the chase because, as we explained, that "show of authority" did not produce his stop.

499 U.S. at 628, 111 S.Ct. at 1552 (Citation omitted).

The appellant in this case may not rely upon the fact that at one point during the chase, as he ran down a corridor between two buildings, he collided with Corporal Bromwell. Although there was a momentary touching, the appellant bounced off that collision and continued his flight. In *Hodari*, Justice Scalia considered the significance of just such a possibility:

To say that an arrest is effected by the slightest application of physical force, despite the arrestee's escape, is not to

say that for Fourth Amendment purposes there is a continuing arrest during the period of fugitivity. If, for example, Pertoso had laid his hands upon Hodari to arrest him, but Hodari had broken away and had *then* cast away the cocaine, it would hardly be realistic to say that that disclosure had been made during the course of an arrest.

499 U.S. at 625, 111 S.Ct. at 1550 (Emphasis in original). The Supreme Court concluded:

[A]ssuming that Pertoso's pursuit in the present case constituted a "show of authority" enjoining Hodari to halt, since Hodari did not comply with that injunction *he was not seized until he was tackled.* The cocaine abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied.

499 U.S. at 629, 111 S.Ct. at 1552 (Emphasis supplied).

Although the difference may be measured in nanoseconds, there is a critical distinction, in terms of Fourth Amendment applicability, between the jettison of contraband that precedes a police tackle and the jettison that follows a tackle. In this case, all of the testimony (the appellant denied throwing anything at any time) established unequivocally that the jettison preceded the tackle. Indeed, even Super Bowl championships may turn on the small but critical difference between 1) fumbling the ball while being tackled and 2) getting rid of the ball a split-second before being tackled. In this case the appellant, foolishly perhaps, got rid of the ball before being tackled. The consequence of that folly, however, is not necessarily an ultimate difference between winning and losing. It may only be the procedural difference between 1) winning or losing at one stage of the Fourth Amendment analysis and 2) winning or losing at a later stage of that analysis.

*Hodari* concluded by holding, as we now hold, that where there has been no seizure of the person within the contemplation of the Fourth Amendment, the Fourth Amendment merits are immaterial. The act of chasing a suspect is not, in and of itself, an activity regulated by the Fourth

Amendment and the reasonableness of such a chase, therefore, is of no Fourth Amendment concern. The appellant's contention with respect to the suppression hearing was framed only in terms of Fourth Amendment reasonableness and, as we have pointed out, the Fourth Amendment was not involved and, therefore, could not have been violated.

*JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.*