## ALBERT H. SMITH, ET UX. *v.* EDWARD R. CARR, ET AL.

### [No. 33, October Term, 1947.]

*Decided December 10, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*J. F. Lillard, Jr.,* for the appellants.

*H. Max Ammerman,* with whom was *I. J. Keane* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Albert H. Smith and Mary Smith, his wife, defendants below, from a judgment with interest and costs, rendered in the Circuit Court for Prince George's County in favor of the appellees here, plaintiffs below, Edward R. Carr and Lloyd R. Coates.

The suit was brought under the common counts and a special count for real estate brokers' commissions for the sale of the property of the defendants at 4112 Claggett Road, College Heights Estates, Maryland, to Mr. and Mrs. Leo Saemann. The judgment was entered on a verdict rendered by a jury.

The appellants assign as error (1) the denial of their motion to withdraw the case from the jury and direct a verdict for them. This motion was offered at the end of the plaintiffs' case but was not re-offered at the end of the whole case; and (2) that the Trial Court erred in its instructions to the jury.

(1) Section III—Trials, Rule 4—Directed Verdicts— of the General Rules of Practice and Procedure adopted by this court and effective September 1, 1941, provides in part as follows:

"In any proceeding tried by jury any party may move, at the close of the evidence offered by an opponent or at the close of all the evidence, for a directed verdict in his favor on any or all of the issues. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted without having reserved the right to do so and to the same extent as if the motion had not been made, *but in so doing he withdraws the motion.* * * *" (Italics supplied here.)

See also Rule 17 of the Court of Appeals. After the defendants offered their evidence the motion for a directed verdict was not re-offered or renewed. Under the rule above set forth the defendants, by offering their

evidence, withdrew their motion for a directed verdict offered at the close of the plaintiffs' case. Therefore, there was no motion before the Court to withdraw the case from the jury at the close of all the evidence. There is nothing before this Court to review on this question. Rule 9 of the Court of Appeals provides that this Court shall not decide any point or question which was not decided by the Court below.

(2) The second ground on which the plaintiff relies is that the Trial Court erred in its instructions to the jury. The printed brief in this Court shows no objection to the charge of the Trial Judge. Rule 39 of the Court of Appeals; *Strohecker v. Schumacher, etc.,* 185 Md. 144, 43 A. 2d 208. The transcript of the record shows that the Trial Judge asked the attorneys for the plaintiffs and for the defendants if they had any suggestions to offer for changes or modifications in the charge. The court was informed by those attorneys that there was no objection to the charge. Rule 6 (c) and (d), Part Three (III) of the General Rules of Practice and Procedure adopted by this court and effective September 1, 1941, provides:

"(c) Objections. *Before the jury retires* to consider its verdict, any party may object to any portion of any instruction given or to any omission therefrom or to the failure to give any instruction, stating distinctly the portion or omission or failure to instruct to which he objects and the specific grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

"(d) Appeal. Upon appeal a party, in assigning error in the instructions, shall be restricted to (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct distinctly objected to *before the jury retired* and (2) the specific grounds of objection distinctly stated *at that time; and no other errors or assignments of error in the instructions shall be considered by the Court of Appeals."* (Italics supplied here.)

See also Rules 9 and 17 of the Court of Appeals. We are, therefore, prevented on appeal from considering the alleged errors in the instructions given the jury. This has been thoroughly discussed in a number of recent cases in this Court. *Feinglos v. Weiner*, 181 Md. 38, 47, 28 A. 2d 577; *Larkin v. Smith*, 183 Md. 274, 284, 37 A. 2d 340; *Barone v. Winebrenner, et al.*, 189 Md. 142, 55 A. 2d 505.

*Appeal dismissed, with costs to appellees.*