ROCKVILLE INVESTMENT CORP. *v.* ROGAN, ET AL.

[No. 268, September Term, 1966.]

*Decided May 2, 1967.*

The cause was argued before HORNEY, MARBURY, BARNES, McWILLIAMS and FINAN, JJ.

*John C. Joyce,* with whom were *James P. Salmon* and *Duckett, Orem, Christie & Beckett* on the brief for appellant.

*Joseph A. Lynott, Jr.,* for appellees.

MARBURY, J., delivered the opinion of the Court.

484

Kevin G. Rogan and his wife, Martha A. Rogan, appellees, brought suit in the Circuit Court for Montgomery County to recover damages sustained as the result of an alleged breach of covenant to provide "adequate air conditioning" which was contained in a lease agreement between the appellant, Rockville Investment Corporation, and the appellees, who were to use and occupy the leased premises as a coin-operated laundry and "retail professional laundry and dry cleaning plant." The appellant filed a general issue plea and counterclaimed against the appellees for unpaid rent allegedly owed by appellees under the the terms of the lease.

A trial was held before a jury, Judge Anderson presiding. At the close of the appellees' case and at the close of all the evidence, appellant made motions for a directed verdict. Both motions were denied, and the case was sent to the jury which returned a verdict in favor of appellees. From the judgment on the verdict appellant has appealed.

There is nothing before this Court to review. After making its motion for a directed verdict at the close of appellees' case, which motion was denied, appellant offered evidence to support its theory of the case and to rebut the evidence presented by appellees. The motion for directed verdict was withdrawn by the appellant's presentation of evidence. Maryland Rule 552 b. *Schmidt v. Millhauser*, 212 Md. 585, 130 A. 2d 572; *Smith v. Carr*, 189 Md. 338, 56 A. 2d 151. At the close of all the evidence appellant made a motion for a directed verdict without stating the grounds therefor, as he had done previously for the motion made at the close of the evidence offered by appellees. The record indicates that there was argument on this motion, but it does not reveal any portion of that argument nor the grounds for this motion. A party has the obligation to state for the record the grounds of his motion for a directed verdict in order to inform the court and the counsel for the nonmoving party. Rule 552 a; *Levin v. Cook*, 186 Md. 535, 47 A. 2d 505; *Slaska v. Iazi*, 186 Md. 530, 47 A. 2d 503, and cases cited therein. The second motion was defective, and having failed to properly renew the first motion and the reasons therefor, appellant can not now rely upon either on appeal. Appellant also failed to object to any instructions given the jury. Since appellant

offered evidence after making its motion for a directed verdict at the close of appellees' testimony, but failed to properly renew the motion at the close of all the evidence or to object to instructions with reference to the issues raised in the trial, the rulings on the motions and the instructions to the jury became the law of the case and the questions raised by the appellant are not properly before this Court for decision. *Montauk Corp. v. Seeds*, 215 Md. 491, 138 A. 2d 907; *Smith v. Carr, supra.*

*Judgment affirmed, with costs.*