543 A.2d 885

**Kevin Walter WARFIELD**

v.

**STATE of Maryland.**

**No. 1585, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

July 13, 1988.

Certiorari Granted Oct. 26, 1988.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Thomas E. Hickman, State's Atty. for Carroll County and James F. Brewer, Asst. State's Atty. for Carroll County, on the brief, Westminster), for appellee.

Submitted before MOYLAN, BISHOP and POLLITT, JJ.

BISHOP, Judge.

A jury in the Circuit Court for Carroll County (Gilmore J.) convicted Kevin Walter Warfield, appellant, of storehouse breaking and stealing and theft contrary to MD.ANN. CODE, art. 27, § 33 and § 342 (1987 Repl.Vol.).[1] The trial court sentenced Warfield to ten years for the breaking and stealing conviction and eighteen months, concurrent, on the theft conviction. Warfield raises the following questions:

I. Was the evidence sufficient to sustain the convictions?

II. Does the conviction for theft merge into the conviction for storehouse breaking and stealing?

## FACTS

On January 23, 1987, following a heavy snowfall, Doris Weller, the victim, testified that she hired Warfield to shovel the snow off her walks and driveway. A short while later, Ms. Weller observed Warfield exiting from a door in her closed, but unlocked garage. Ms. Weller testified that she did not give Warfield permission to enter the garage. Ms. Weller testified that she confronted Warfield about his entry into the garage and he explained that he entered the

---

1. Warfield was also convicted of storehouse breaking and entering contrary to MD.ANN.CODE, art. 27, § 31B (1987 Repl.Vol.), but the trial court "merged" that conviction into the conviction for storehouse breaking and stealing. The merged conviction is not at issue.

garage to open its doors in order to shovel the snow away from the garage. Ms. Weller then said to Warfield, "you didn't need to go in the garage for that at all." He said, "well, I got tired. I went in to rest."

Ms. Weller checked the interior of the garage and noticed that a broom had been broken and moved to a different location, some boxes had been "disassembled" and "tampered with," and that a can, the size of a coffee can, containing at least $50 worth of coins was missing. Ms. Weller testified that when she confronted him, Warfield denied taking the can of coins. Ms. Weller also testified that the coins were in the garage the previous night. After further discussion with Warfield, Ms. Weller testified that Warfield admitted breaking the broom, but "he said he didn't know whether he stepped on it or what."

After the discussion, Ms. Weller allowed Warfield to continue shovelling the snow and she paid him. Ms. Weller testified that when Warfield finished on her property, he proceeded to shovel snow for a few of her neighbors. A short time later, however, Ms. Weller called the police to report the incident.

The next day, Officer Bart Meyers of the Westminster City Police Department testified that Warfield, upon his arrest, stated, "I didn't take that lady's coins." Officer Meyers also testified that when he asked Warfield about the broken broom, Warfield said, "he had broken the broom when he went in the garage to clean his boots."

## I.

### Sufficiency

Warfield argues that "[t]he crux of this case is whether there was sufficient proof that appellant was the person who removed the coins from the garage."

The State argues that Warfield failed to preserve the

issue for our review under Rule 4–324.[2]

Warfield made the following motion for judgment of acquittal at the end of the State's case in chief.

[I]t's pure conjecture, at this point, if it goes to the jury, that this Defendant took those coins. Even if we took the evidence as presented most favorable to the State, as we must at this stage, and that would refer to all three Counts, actually. By her own testimony, she— all she knows is, she thinks she had the coins the night before and they were gone the next day and this Defendant was seen coming out of the garage.

The Officer's testimony says she—quotes her as saying she had them earlier in the week. And a jury would have to speculate (inaudible.) conjecture to find that this Defendant took them, since there's nothing else to tie him to this. No physical evidence at all. No sign that he had any coins in his pocket or hid them or anything else.

The trial court denied this motion. At the end of all the evidence, Warfield told the trial court, "I would renew—renew my Motion for Acquittal...." The trial court also denied this motion.

The State argues that Warfield's presentation of evidence constituted a withdrawal of his initial motion for

---

**2.** Rule 4–324 states, in pertinent part:

 (a) **Generally.**—A defendant may move for judgment of acquittal on one or more counts, or on one or more degrees of an offense which by law is divided into degrees, at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. *The defendant shall state with particularity all reasons why the motion should be granted.* No objection to the motion for judgment of acquittal shall be necessary. A defendant does not waive the right to make the motion by introducing evidence during the presentation of the State's case.

  .   .   .   .

 (c) **Effect of Denial.**—A defendant who moves for judgment of acquittal at the close of evidence offered by the State may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made. *In so doing, the defendant withdraws the motion.* (Emphasis added.)

judgment of acquittal. We agree, Rule 4–324(c), *supra,* note 2. From this the State also argues that Warfield's second motion for judgment of acquittal failed to preserve the sufficiency issue because it was not particularized under Rule 4–324(a), *supra,* note 2, *State v. Lyles,* 308 Md. 129, 134–136, 517 A.2d 761 (1986) and *Brooks v. State,* 68 Md.App. 604, 611, 515 A.2d 225 (1986), *cert. denied,* 308 Md. 382, 519 A.2d 1283 (1987). The State apparently infers that Warfield's initial Motion for Judgment of Acquittal was a legal nullity incapable of being renewed by Warfield's second motion for judgment of acquittal. We agree.

█ We think it is clear that Warfield's initial motion for judgment of acquittal was sufficiently particularized to preserve the sufficiency of the evidence issue for our review. We also think it equally clear that, standing alone, Warfield's second motion for judgment of acquittal was insufficiently particularized. *Cf. Brooks* and *Lyles, supra.*

The only way that the sufficiency issue can be properly before us in the case *sub judice* is if Warfield's earlier motion was capable of renewal and not a legal nullity, thus requiring a complete restatement of the motion and of the argument. The State argues that "there was nothing to renew" and cites *Lyles, Brooks,* Rule 4–324(c) and Art. 27, § 593[3] in support.

Although we do not read these authorities as requiring that we hold that a motion, withdrawn by the application of the Rule, is a legal nullity and therefore not renewable, we are convinced that that is the proper result.

---

**3.** Section 593 states:

 In the trial of all criminal cases, the jury shall be the judges of law, as well as of fact, except that at the conclusion of the evidence for the State a motion for judgment of acquittal on one or more counts, or on one or more degrees of an offense, may be made by an accused on the ground that the evidence is insufficient in law to justify his conviction as to any such count or degree. *If the motion is denied, he may offer evidence on his own behalf without having reserved the right to do so, but by so doing, he withdraws his motion.* The motion may be made at the close of all the evidence whether or not such motion was made at the conclusion of the evidence for the State. If the motion is denied the defendant may have a review of such ruling on appeal. (Emphasis added.)

The intent of Rule 4–324, in requiring defendants to particularize their arguments to preserve the sufficiency issue for appellate review, is to allow the trial court the opportunity to consider fully the basis for the motion. A substantial amount of evidence may be presented between a motion for judgment of acquittal made at the end of the State's case and the close of the case. It would be too great a burden to require a trial judge to make an intelligent and informed ruling on a subsequent motion made at the close of all the evidence without the benefit of reargument, since, at that point, the trial judge would be required to consider the motion on the basis of *all* the evidence. Because of this inherent difficulty the proper procedure would be to require that *all* motions for judgment of acquittal, whether in the nature of an "original" motion or a so-called "renewal" motion, must be particularized in accordance with Rule 4–324(a).

Once he produced evidence, Warfield's original motion was no longer in existence and was not renewable. A motion made at the end of the case must conform to the requirements of the Rule and *Lyles, supra,* whether it be in the nature of an "original" motion or an attempted "renewal" of a previous motion. Warfield's second motion for judgment of acquittal, made at the close of the entire case, was not sufficiently particularized under *Brooks* and *Lyles, supra,* and, thereby failed to preserve the sufficiency issue for our review.

█ If we were to address the sufficiency issue, the standard for our review is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [4] beyond a reasonable doubt. *Jackson v.*

---

**4.** Art. 27, § 33 states:

Every person convicted of the crime of breaking into any shop, storeroom, filling station, *garage,* trailer, boat, cabin, diner, tobacco house or warehouse, although the same be not contiguous to or used with any mansion house, and stealing from thence any *money,*

*Virginia* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Bloodsworth v. State,* 307 Md. 164, 167, 512 A.2d 1056 (1986). Weighing the credibility of witnesses and resolving any conflicts in the evidence are tasks proper for the fact finder. *Bryant v. State,* 49 Md.App. 272, 283–84, 49 Md. App. 272, *cert. denied,* 291 Md. 772, 782 (1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2020, 27 L.Ed.2d 474 (1982). Circumstantial evidence is entirely sufficient to support a conviction, provided the circumstances support rational inferences from which the trier of fact could be convinced beyond a reasonable doubt of the guilt of the accused, *Finke v. State,* 56 Md.App. 450, 468–78, 468 A.2d 353 (1983), *cert. denied,* 299 Md. 425, 474 A.2d 218, *cert. denied,* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416 (1984), although, "conviction upon circumstantial evidence *alone* is not to be sustained unless the circumstances are inconsistent with any reasonable hypothesis of innocence." *West v. State,* 312 Md. 197, 212–13, 539 A.2d 231 (1988) (emphasis in original; citations omitted.)

In the case *sub judice,* Warfield argues that it was "pure conjecture" on the part of the jury to speculate that he took the coins when "all she [the victim] knows is, she thinks she had the coins the night before and they were gone the next day...." In this regard, Warfield impliedly concedes that the evidence was sufficient to establish the breaking element. Under the circumstances, the determination of what weight to give Ms. Weller's testimony was an issue properly resolved by the jury. Warfield concedes that Ms. Weller's

---

goods or chattels to the value of five dollars or upwards, or as being accessory thereto, shall restore the thing taken to the owner thereof, or shall pay him the full value thereof, and shall be guilty of a felony and upon conviction be sentenced to the penitentiary for not more than ten years. (Emphasis added.)

In *Garner v. State,* 16 Md.App. 353, 361, 297 A.2d 304 (1972), it was said, "[w]e have held that to support a conviction of breaking and stealing under MD.ANN.CODE, art. 27, § 33, it is necessary to show both a breaking and 'that there was a larceny amounting in value to $5.00 or more.'" (citations omitted.)

testimony in this regard tended to support the theft element required for his conviction. Despite that concession, in his reply brief, Warfield argues "[t]hat someone other than appellant entered the unlocked garage and stole the coins during the night or week preceding is certainly a reasonable hypothesis when one considers that when Mrs. Weller found appellant in the garage she did not see him in possession of the coins." This is not a reasonable hypothesis of innocence, requiring more than circumstantial evidence to sustain a conviction, *West, supra,* where there was a complete lack of evidence as to the possible existence of another thief and where Warfield's own testimony placed him in the garage at a time when the jury could have believed from the evidence that the coins were present. Had the sufficiency issue been preserved, we would have found that the evidence was sufficient to support Warfield's conviction for breaking and stealing under art. 27, § 33.

## II.

### *Sentence*

■ The State concedes that Warfield's theft conviction "merges" into his conviction for storehouse breaking and stealing. *Young v. State,* 220 Md. 95, 100–101, 151 A.2d 140 (1959), *cert. denied,* 363 U.S. 853, 80 S.Ct. 1634, 4 L.Ed.2d 1735 (1960). Since we agree, we will vacate Warfield's sentence and conviction for theft.

JUDGMENT AS TO COUNT I AFFIRMED; JUDGMENT ON COUNT II VACATED AND CONVICTION MERGED INTO COUNT I.

COSTS TO BE PAID TWO–THIRDS BY APPELLANT AND ONE–THIRD BY CARROLL COUNTY.