551 A.2d 945
**Milton Thomas FORD, Jr.**

v.

**Salinda E. TITTSWORTH.**

**No. 679, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Jan. 12, 1989.

Robert L. Simmons (Ronald M. Cherry and Simmons & Fields, on the brief), Baltimore, for appellant.

Philip T. Caroom, Annapolis, for appellee.

Argued before WILNER, BLOOM and ROBERT M. BELL, JJ.

BLOOM, Judge.

This case arose from a rear end collision between two automobiles eastbound on Rowe Boulevard in Annapolis. Appellee, Salinda Elizabeth Tittsworth, brought her vehicle to a stop, after pumping her brakes, behind a car that had stopped rather abruptly in front of her because of a red traffic light at the intersection of Farragut Road. Appellant, Milton Thomas Ford, Jr., was unable to stop his automobile before it struck appellee's car. Appellee brought suit in the Circuit Court for Anne Arundel County. The case was tried before a jury, which returned a verdict in favor of appellee in the amount of $50,000.

Appealing from the judgment entered on that verdict, Mr. Ford presents a single issue for our consideration:

Did the trial court err in failing to grant defendant's Motion for Judgment in light of the plaintiff's failure to present any evidence of defendant's alleged negligence?

We shall not address that issue, however, because appellant failed to preserve it for appellate review.

At the conclusion of the plaintiff's case, appellant's counsel made an oral motion "that the court dismiss the complaint as against the defendant in that there has been no showing of primary negligence," citing, as authority, the case of *Brehm v. Lorenz,* 206 Md. 500, 112 A.2d 475 (1954).[1] The court treated that motion as one for judgment and denied it. Appellant then testified as to his version of the accident. The court instructed the jury, after which appellant's counsel advised the court that he had no objections or exceptions to the instructions, adding, however:

> But I would like to put on the record just for paperwork and clearing up things that I'm renewing my motion for a verdict in favor of the plaintiff [sic] at the conclusion of the entire case.

Counsel then corrected his slip of the tongue, saying:

> In favor of the defendant. I'm renewing my motion.

Maryland Rule 2–519, which governs such motions for judgment in civil cases, provides, in pertinent part:

### Rule 2–519. MOTION FOR JUDGMENT

**(a) Generally.**—A party may move for judgment on any or all of the issues in any action at the close of the evidence offered by an opposing party, and in a jury trial at the close of all the evidence. The moving party shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment shall be necessary. A party does not waive the right to make the motion by introducing evidence during the presentation of an opposing party's case.

. . . . .

**(c) Effect of Denial.**—A party who moves for judgment at the close of the evidence offered by an opposing party may offer evidence in the event the motion is not granted,

---

1. The holding of *Brehm v. Lorenz,* "that the mere happening of a rear end collision of two motor vehicles, without evidence of the circumstances under which it happened, is not proof of negligence of either driver," has probably been quoted and relied upon by every defendant in every automobile rear end collision case in Maryland since 1955.

without having reserved the right to do so and to the same extent as if the motion had not been made. In so doing, the party withdraws the motion.

In criminal procedure, the counterpart of Rule 2-519 is Rule 4-324, governing motions for judgment of acquittal. Rule 4-324(a) permits a defendant in a criminal case to move for acquittal at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. That rule, paralleling 2-519(a), requires the moving party— the defendant—to "state with particularity all reasons why the motion should be granted." And Rule 4-324(c) provides, as does Rule 2-519(c), that in the event the motion for acquittal (judgment) made at the close of the evidence offered by the State (opposing party) is denied, the defendant (moving party) may offer evidence without having reserved the right to do so and to the same extent as if the motion had not been made. In so doing, however, the defendant (party) withdraws the motion.

In *State v. Lyles*, 308 Md. 129, 135, 517 A.2d 761 (1986), the Court of Appeals held that the language of Rule 4-324, requiring a movant for acquittal to state with particularity all reasons why the motion should be granted, was mandatory and that if the defendant fails to comply with that provision the issue is not preserved for appellate review. We later held, in *Warfield v. State*, 76 Md.App. 141, 543 A.2d 885, *cert. granted*, 314 Md. 95, 548 A.2d 845 (1988), that if the defendant withdraws his motion made at the conclusion of the State's case by offering evidence, it will not suffice for him merely to "renew" his motion at the close of all the evidence. To preserve the issue, he must again "state with particularity all reasons why the motion should be granted."

Since the criminal rule, 4-324, was so drafted as to make it consistent with its civil counterpart, Rule 2-519, *State v. Lyles*, 308 Md. at 135, 517 A.2d 761; *Lyles v. State*, 63 Md.App. 376, 382, 492 A.2d 959 (1985), we deem it imperative to apply the same ruling with respect to "renewal" of a motion for judgment under the civil rule as we applied to

"renewal" of a motion for acquittal under the criminal rule. Our holding is in accordance with the decision of the Court of Appeals in *Rockville Corp. v. Rogan*, 246 Md. 482, 229 A.2d 76 (1967). There, in dealing with then Rule 552, a precursor to current Rule 2–519 (when the appropriate motion was one for a directed verdict rather than for judgment), the Court held that by introducing evidence after his motion was denied the appellant withdrew the motion; his subsequent motion, at the conclusion of all the evidence, without stating the grounds therefor, left nothing for the Court to review on appeal. Consequently, even if appellant's motion, made at the conclusion of the plaintiff's case, can be regarded as satisfying the requirement of particularity because it referred to the holding in *Brehm v. Lorenz*, that motion was withdrawn by the presentation of appellant's testimony. The subsequent "renewal" of the motion, to "put it on the record just for paperwork and clearing up things," did not comply with the requirement of particularity.

Appellant waived his right to complain about any lack of evidence of negligence on his part by failing to preserve that issue for review.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.