552 A.2d 1367

**David SHARP, Marvin Butler, Garry Wright**

v.

**STATE of Maryland.**

**No. 764, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Feb. 7, 1989.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellants.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before MOYLAN, WILNER and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

David Sharp, Marvin Butler, Garry Wright, appellants, were jointly tried by a jury in the Circuit Court for Baltimore City for robbery and related charges. The jury found each guilty of robbery. Each appellant has appealed, presenting the following issues:

1. Did the lower court err by denying each appellant's motion for separate trial?

2. Did the lower court err by denying appellants' motions for mistrials?

3. Did the lower court err by denying Appellants' request that each appellant be granted four peremptory strikes?

4. Did the lower court err by instructing the jury that, if they deadlocked, it would make them deliberate further?

5. Did the lower court err in denying appellants' motions for judgments of acquittal because the evidence was insufficient?

6. Did the lower court err by admitting hearsay evidence?

We find merit in issue No. 3, and will, therefore, hold that appellants were entitled to four peremptory strikes each. Consequently, we will remand the case to the circuit court for a new trial. For the guidance of the trial court on remand, we will address issues 5 and 6. We find it unnecessary to reach the remaining questions.

## PEREMPTORY CHALLENGES

Maryland Courts and Jud.Proc.Code Ann. § 8–301 provides, and has done since July 1, 1986:

(a) *Cases involving death.*—In a trial in which the defendant is subject, on any single count, to a sentence of death because notice of intention to seek a sentence of death has been given under Article 27, § 412 of the Code, each defendant is permitted 20 peremptory challenges and the State is permitted 10 peremptory challenges for each defendant.

(b) *Cases involving life imprisonment.*—In a criminal trial in which the defendant is subject, on a single count, to a sentence of life imprisonment, including a case in which notice of intention to seek a sentence of death has not been given under Article 27, § 412 of the Code, except for common law offenses for which no specific penalty is provided by statute, each defendant is permitted 20 peremptory challenges and the State is permitted 20 peremptory challenges for each defendant.

(c) *Cases involving sentences of 20 years or more.*—Except as provided in subsections (a) and (b) of this section, in a criminal trial in which the defendant is subject, on any single count, to a sentence of 20 years or more, except for common law offenses for which no specific penalty is provided by statute, each defendant is permitted 10 peremptory challenges and the State is permitted 5 peremptory challenges for each defendant.

(d) *Other Cases.*—In all other cases, each party is permitted four peremptory challenges.

The Maryland Rules of Procedure are consistent. Rule 4–313, as it has since July 1, 1986, provides:

(a) *Number.*—

(1) *Generally.*—Except as otherwise provided by this section, each party is permitted four peremptory challenges.

(2) *Cases Involving Death or Life Imprisonment.*—Each defendant who is subject on any single count to a sentence of death or life imprisonment, except when charged with a common law offense for which no specific penalty is provided by statute, is permitted 20 peremptory challenges and the State is permitted ten peremptory challenges for each defendant.

(3) *Cases Involving Imprisonment for 20 Years or More But Less Than Life.*—Each defendant who is subject on any single count to a sentence of imprisonment of 20 years or more, but less than life, except when charged with a common-law offense for which no specific penalty is provided by statute, is permitted ten peremptory challenges and the State is permitted five peremptory challenges for each defendant.

Except in one instance, in which the term "each party" is used, both the statute and the Rule refer to "each defendant" and "the State" in prescribing the number of peremptory challenges permitted in each category of case. Neither section (d) in the statute nor section (a)(1) of the Rule, the sections in which it is used, defines the term "each party". This has not always been the case.

Before its amendment, *see* Chapter 656, Laws 1986, what is now § 8–301(d) was § 8–301(b). At that time, it provided:

(b) *Other cases.*—In all other cases, each party is permitted four peremptory challenges; all defendants are considered a single party for this purpose.

(1) If it appears that the trial involves two or more defendants having adverse or hostile interest, the court may allow additional peremptory challenges;

(2) No defendant shall be allowed more than four peremptory challenges.

Rule 4–313(a)(1), consistent with the statute, provided at that time:

(1) *Generally.*—Except as otherwise provided by this section, each party is permitted four peremptory challenges. For purposes of this section, multiple defendants shall be considered as a single party unless the court determines that adverse or hostile interest between defendants justify allowing to each of them separate peremptory challenges, not to exceed four for each defendant.

Prior to voir dire, each appellant sought a ruling from the trial court that they were each permitted four peremptory challenges. The trial court, contrary to their request, ruled otherwise, *i.e.*, that all appellants were considered one party for purposes of peremptory challenges. Appellants contend that that ruling was reversible error, entitling them to a new trial.

The State, of course, sees it otherwise. In its view, the language of both the statute and the rule is plain and unambiguous. Thus, it argues,

the difference in the terms "parties" and "defendant" in subsections (a), (b), (c) and (d) of § 8–301 and in subsections (a)(1), (a)(2) and (a)(3) of Rule 4–313 demonstrates that the General Assembly and the Court of Appeals intended that, in cases involving a potential sentence of less than 20 years, multiple defendants in a case are deemed one "party" and receive collectively only four challenges. Had the legislature and the Court intended

that each defendant receive four peremptory challenges, the former language "party" would have been substituted with "defendant".

The State recognizes that the definition of "each party" for purposes of peremptory challenges has been deleted from both the statute and the rule; however, it regards the deletion as being for the purpose of "eliminat[ing] surplus language."

The task with which we are confronted is one involving statutory construction. The goal of statutory construction is, of course, to ascertain and carry out the real legislative intent of an enactment, consistent, however, with its purpose. *See Runge v. State,* 78 Md.App. 23, 34, 552 A.2d 560 (1989). To accomplish this, it is necessary that we first review the statute and the rule as they are presently constituted and then review them in context, *i.e.,* compare them to the statute and the rule which they replaced. That review makes patent that the term "each party" is at least ambiguous [1]: It could have the meaning which was deleted from the prior statute and rule or it could mean, as alleged by appellants, the equivalent of "each defendant". In seeking the meaning of the term, it is significant that the Rules Committee, in its 95th Report to the Court of Appeals recommending amendment of Rule 4–313 to conform to § 8–301 as amended by the legislature, explained one of the ways in which the legislature amended the statute, thusly: "Second, it deletes the provision applicable to 'all other cases' that all defendants are considered a single party, thus providing each defendant with four peremptory challenges, whether or not the interests of the defendants are mutually adverse or hostile." The Committee noted that its proposed amendment of the rule would bring the rule into conformance with the statute as amended. The Court of Appeals accepted the recommendation and adopted the proposed amendments. We hold, there-

---

1. The State recognizes that, if the statute is ambiguous, a result different from the one it proffers would be appropriate. *See* appellee's brief p. 10, n. 1.

fore, that both the statute and the rule contemplate that each defendant, rather than each group of defendants, be permitted four peremptory challenges. It follows, therefore, that the court erred in refusing to allow each appellant four peremptory. The case must be reversed and remanded for a new trial.[2]

## SUFFICIENCY OF THE EVIDENCE

Although this issue may be preserved for review as to appellant Wright, who did not present evidence in his defense, *see Simpson v. State*, 77 Md.App. 184, 189, 549 A.2d 1145 (1988), but not as to appellants Butler and Sharp, who did present a case, *see Warfield v. State*, 76 Md.App. 141, 147, 543 A.2d 885, *cert. granted*, 314 Md. 95, 548 A.2d 845 (1988), it is necessary that we address appellants' sufficiency argument since, if the evidence is insufficient, there can be no retrial.

The applicable test of the sufficiency of the evidence is that announced in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), and followed in so many Maryland cases, *see e.g. Tichnell v. State*, 287 Md. 695, 717, 415 A.2d 830 (1980); *Bloodsworth v. State*, 307 Md. 164, 167, 512 A.2d 1056 (1986); *Branch v. State*, 305 Md. 177, 182–93, 502 A.2d 496 (1986): "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original). We have reviewed the evidence in this case and believe that it fully qualifies under this test. The issues raised by appellants go to the weight to be given the evidence, and the weight to be given the evidence is a matter to be determined by the trier of fact. Therefore,

---

**2.** We also think, given the deletion from the statute and the rule of language defining "each party" to include all defendants whose interests are not mutually adverse or hostile, that the plain and unambiguous meaning of the statute and rule must be that each defendant, as opposed to a collective group of defendants, is permitted four peremptory challenges. In other words, we think that, for this reason as well the identical result is mandated.

although the jury might have been justified had it chosen not to credit the testimony of the eyewitness thereby acquitting appellants, the conclusion that it did reach was also justifiable. We hold that the evidence was sufficient.

## ADMISSIBILITY OF THE VICTIM'S TESTIMONY

■ As indicated above, the victim did not appear and testify at trial. Testimony concerning his actions and statements shortly after the robbery and appellants' arrest were admitted into evidence, over appellants' objection, through the arresting officer. That testimony was that the victim was transported from the scene of the robbery to where appellants had been apprehended within minutes of the robbery and, once there, got out of the police car and attempted to grab a radio out of appellant Butler's hands. He was, according to the testimony, in a highly agitated state at that time. Furthermore, the officer testified that when the victim was told that the police were going to take custody of the radio, the victim "just continued saying radio and $59.95." The officer went on to testify that he then inquired, of the victim, the ownership of the radio, the headphones, and the cord, to which the victim responded, claiming ownership.

In *Mouzone v. State*, 294 Md. 692, 452 A.2d 661 (1982), the Court of Appeals had this to say about the excited utterance exception to the hearsay rule:

> The essence of the excited utterance exception is the inability of the declarant to have reflected on the events about which the statement is concerned. It requires a startling event and a spontaneous statement which is the result of the declarant's reaction to the occurrence. McCormick, Evidence § 297 (2nd ed. 1972). The rationale for overcoming the inherent untrustworthiness of hearsay is that the situation produced such an effect on the declarant as to render his reflective capabilities inoperative.
> *See Wright v. State*, 88 Md. 705, 41A 1060 (1898). *See also* McCormick, *supra*, § 297. The admissibility of evidence under this exception is therefore, judged by the

spontaneity of the declarant's statement and an analysis whether it was the result of thoughtful consideration or the product of the exciting event.

*Id.* at 697, 452 A.2d 661. The Court made clear that the critical factor in the determination of the nature of an utterance is whether it was caused by, rather than merely occurred close in point of time to, the exciting event.

Judged under this standard, we believe it clear that the testimony was properly admitted. As indicated, the utterances were made within a few minutes of the robbery and the victim was in a highly excited state. Moreover, with regard to his action in attempting to grab the radio from one of the appellants and stating "radio" and "$59.95", without being asked any question, clearly falls within the exception. That he claimed ownership in response to a question by the police, given the predicate just mentioned, would not seem to render those statements any less a part of the exception. We discern no error in admitting that testimony.

JUDGMENTS REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR NEW TRIAL.

COSTS TO BE PAID BY MAYOR & CITY COUNCIL OF BALTIMORE.