711 A.2d 228

Charles A. NELSON

v.

Albert CARROLL.

No. 98, Sept. Term, 1997.

Court of Appeals of Maryland.

June 15, 1998.

John A. Austin, Towson, for petitioner.

No argument on behalf of respondent.

Before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

RODOWSKY, Judge.

The petitioner, Charles A. ("Pee–Wee") Nelson (Nelson), contends that the Court of Special Appeals erred in an unreported opinion when it refused to consider the merits of Nelson's contention that he was entitled under Maryland Rule 2–519(a) (Motion for judgment) to judgment in his favor as plaintiff in a civil action alleging battery.[1] At issue is whether, as held by the Court of Special Appeals, Nelson failed to preserve his contention for appellate review under Maryland Rule 8–131(a)[2] because Nelson did not "state with particularity all reasons why the motion should be granted." Md. Rule 2–519(a).

The action now before us was tried before a jury in the Circuit Court for Baltimore City and resulted in a verdict in favor of the defendant, the respondent, Albert ("Junior") Carroll (Carroll).

---

1. Maryland Rule 2–519(a) reads:

   "*Generally.* A party may move for judgment on any or all of the issues in any action at the close of the evidence offered by an opposing party, and in a jury trial at the close of all the evidence. The moving party shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment shall be necessary. A party does not waive the right to make the motion by introducing evidence during the presentation of an opposing party's case."

2. Maryland Rule 8–131(a), in relevant part, reads:

   "Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal."

Carroll shot Nelson in the stomach in the course of an altercation over a debt owed to Carroll by Nelson. The shooting occurred on the evening of July 25, 1992, in a private nightclub in Baltimore City that Nelson was patronizing. Carroll, who was described as being a "little tipsy," entered the club and demanded repayment by Nelson of the $3,800 balance of an $8,000 loan that Carroll had made to Nelson. Nelson immediately offered to make a payment on account but that was unsatisfactory to Carroll. At some point Carroll produced a handgun from his jacket.

Carroll did not testify. There were only two witnesses who described how the shooting came about, Nelson and Prestley Dukes (Dukes), a witness called by Carroll. Dukes testified that when Nelson did not give Carroll his money Carroll hit Nelson on the side of the head with the handgun and that, when Nelson did not "respond," Carroll "went to hit him again, and when [Carroll] drawed back, the gun went off." Nelson, in substance, testified that he tendered $2,300 to Carroll, that Carroll pulled out his pistol and said that he wanted all of his money, and that the next thing that Nelson knew, he heard a shot and saw that he was bleeding.

After judgment had been entered for the defendant, Nelson appealed to the Court of Special Appeals raising but one argument, namely, that judgment in favor of the plaintiff on the issue of liability should have been entered as a matter of law after all of the evidence had been presented.[3] At the conclusion of jury instructions, when the court invited counsel to approach the bench for the purpose of taking any exceptions, the following took place:

---

3. The Court of Special Appeals initially ruled in an unreported opinion that Nelson had failed to preserve the issue because he had not made any motion at all for judgment under Rule 2–519(a). Indeed, the record did not reflect any motion by Nelson that was made after the evidence closed and before the court instructed the jury. On a motion for reconsideration Nelson pointed out that his motion had been made after the court had instructed the jury. The Court of Special Appeals granted the motion for reconsideration.

"[NELSON'S COUNSEL]: Your Honor, at the outset, we would except to any instruction on the issue of liability. We would move for a judgment in favor of the plaintiff on the issue of liability. There should not even be any issue of liability submitted to the jury.

"THE COURT: All right. I'm sorry I didn't let you get that on the record before my instructions, but my motion [sic] is the same now as it would have been then. Denied."

A majority of the panel of the Court of Special Appeals concluded that the above-quoted motion lacked the degree of particularity required by Rule 2–519(a) and, accordingly, affirmed the judgment of the circuit court without reaching the merits. Judge Ellen Hollander dissented, finding not only that the issue had been preserved but also that Nelson was entitled to judgment as a matter of law on the issue of liability. This Court then granted Nelson's petition for certiorari which raised only the issue of whether the Court of Special Appeals had correctly interpreted and applied Rule 2–519(a).

■ The Court of Special Appeals erred in considering Nelson's motion in isolation. Decisions of this Court and of the Court of Special Appeals have made it clear that the sufficiency of the particularity of the reasons for a Rule 2–519(a) motion is determined in light of legal arguments that have been made in the course of the action, with particular emphasis on whether the trial judge could identify, through a process analogous to incorporation by reference, the argument that was being made in support of the motion. In the case now before us Nelson's asserted basis for judgment in his favor on the issue of liability was first made well in advance of trial in support of a motion for summary judgment. The argument was renewed at trial when Nelson sought a judgment based upon defense counsel's opening statement.[4]

---

4. After Nelson's motion for judgment had been denied, he repeated the argument in support of a motion for a judgment notwithstanding the verdict or for a new trial.

In *K & K Management, Inc. v. Lee,* 316 Md. 137, 557 A.2d 965 (1989), defendants-appellants argued in a motion for summary judgment, in a trial brief, and in "extensive" oral argument on their motion for judgment at the close of plaintiffs'-appellees' case that their conduct did not constitute malicious interference with business relationships. *Id.* at 153, 557 A.2d at 972. At the close of all of the evidence the appellants renewed their motion for judgment " '[o]n all the same bases,' without 'tak[ing] the [c]ourt's time to argue further.' " *Id.* (alterations in original). The trial court responded: " 'Sure. They are renewed and denied again.' " *Id.* This Court held that, in light of the arguments already advanced by appellants, the renewed motion was sufficiently particularized under Rule 2–519(a). *Id.*

*K & K Management* relied on *Warfield v. State,* 315 Md. 474, 554 A.2d 1238 (1989), involving the particularity requirement of Maryland Rule 4–324(a), dealing with a motion for judgment of acquittal in a criminal cause. *Id.* at 483, 554 A.2d at 1243. In *Warfield,* the defense and the prosecutor had respectively argued their differing analyses of the sufficiency of the evidence after the State had closed its case in chief. *Id.* at 484, 554 A.2d at 1243. At the close of all of the evidence the defense renewed its earlier motion, without stating any grounds. *Id.* The Court of Special Appeals, holding that satisfaction of the particularity requirement was to be measured exclusively by what transpired on the motion for judgment of acquittal at the end of the case, affirmed the conviction without reviewing the sufficiency of the evidence. *See Warfield v. State,* 76 Md.App. 141, 146, 543 A.2d 885, 888 (1988), *rev'd,* 315 Md. 474, 554 A.2d 1238 (1989). This Court reversed, saying:

"We are not of a mind with the Court of Special Appeals in its belief that the second motion for judgment of acquittal must stand alone. As we have seen there were no reasons expressly advanced at the time the second motion was made. But when we consider the purpose of the statute and the rule in the light of their context, we are satisfied that the command to particularize reasons has been met in

the circumstances here. The general purpose of the statute and the rule is patent. It is to implement, by means of a motion for judgment of acquittal, the constitutional authority given an appellate court to pass on the sufficiency of the evidence. The specific purpose of the mandate of the rule to particularize the reasons for the motion is to enable the trial judge to be aware of the precise basis for the defendant's belief that the evidence is insufficient. Then the judge in determining the motion may fully appreciate the position of the defendant. All in all the command to particularize the reasons operates to the benefit of the defendant and also acts as an aid to the trial judge."

*Warfield,* 315 Md. at 487, 554 A.2d at 1244–45 (citation omitted).

In *Kent Village Assocs. Joint Venture v. Smith,* 104 Md. App. 507, 657 A.2d 330 (1995), the Court of Special Appeals said the following with regard to the particularity requirement of Rule 2–519(a):

"This requirement has important and salutary purposes. It implements, on the one hand, a principle of basic fairness. A trial judge must be given a reasonable opportunity to consider all legal and evidentiary arguments in deciding what issues to submit to the jury and in framing proper instructions to the jury. The other parties must have a fair opportunity at the trial level to respond to legal and evidentiary challenges in order (1) to make their own record on those issues and (2) to devise alternative trial strategies and arguments should the court grant the motion, in whole or in part. Allowing these issues to be presented for the first time on appeal is also jurisprudentially unsound, for it may well result in requiring a full new trial that otherwise might have been avoided."

*Id.* at 517, 657 A.2d at 334–35.

That case involved a four-year-old girl who was seriously injured when a refuse bin located near the apartment building where she lived tipped over on her. *Id.* at 511, 657 A.2d at 332. At the conclusion of the plaintiff's case in the trial court,

the defendants had moved for a " 'directed verdict,' " stating that "there was insufficient evidence to allow 'this matter . . . to go forward against this defendant based on the Consumer Product Safety Commission regulations.' " *Id.* at 516–17, 657 A.2d at 334–35. Agreeing with the plaintiff, the court held that "the brief, non-specific argument made by appellants in support of their motions [does not] suffice[ ] to present 'with particularity' the arguments presented on appeal." *Id.* at 517, 657 A.2d at 335. In so holding, the court suggested that the degree of specificity required by Rule 2–519(a) may vary with the complexity and length of the trial. *Id.* The court stated: "At least in a case of this magnitude, with all of the varied issues presented in a trial that extended over a 25–day period, far more specificity is required." *Id.*

In the instant matter the panel majority in the Court of Special Appeals did not cite any decisions in support of its holding, but its view of the operation of Rule 2–519(a) is reminiscent of *Ford v. Tittsworth*, 77 Md.App. 770, 551 A.2d 945 (1989). In *Ford* the defendant had made an oral motion for judgment at the close of the plaintiff's case. *Id.* at 772, 551 A.2d at 945. At the close of the jury instructions the defendant "renewed" the motion, without success. *Id.* The Court of Special Appeals held that, assuming, *arguendo,* that the defendant's first motion was sufficiently particularized, that motion was "withdrawn by the presentation of [the defendant's] testimony," and the subsequent "renewal" of that motion did not satisfy the particularity requirement of Rule 2–519(a). *Id.* at 774, 551 A.2d at 946.

Following this Court's decision in *Warfield v. State*, 315 Md. 474, 554 A.2d 1238 (1989), however, the Court of Special Appeals recognized the overruling of *Ford* in the following footnote:

"As we had previously done in the criminal context, *see Warfield v. State*, 76 Md.App. 141, 543 A.2d 885 (1988), we have held that, in civil cases, the 'renewal' of a motion for judgment after the withdrawal of the initial motion by the presentation of evidence does not comply with the specificity requirement of Rule 2–519(a). *See Ford v. Tittsworth*, 77

Md.App. 770, 774, 551 A.2d 945 (1989). Our *Warfield* has been reversed, *Warfield v. State,* 315 Md. 474, 554 A.2d 1238 (1989) and, in the process, the Court of Appeals has made clear that the particularity requirement of the Rule is satisfied if, at the end of all the evidence, the party 'states that the motion is based upon the same reasons given at the time the original motion was made, or ... "renews" a motion for judgment ... thereby implicitly incorporat[ing] by reference the reasons previously given.' *Id.,* at 487–488, 554 A.2d 1238. Moreover, because the Court explicitly overruled, insofar as it supports the rationale of our *Warfield, Rockville Corp. v. Rogan,* 246 Md. 482, 229 A.2d 76 (1967), a case relied upon by *Tittsworth,* 315 Md. at 488, 490, 554 A.2d 1238, we think it safe to predict that *Tittsworth,* too, has been overruled."

*Laubach v. Franklin Square Hosp.,* 79 Md.App. 203, 208 n. 3, 556 A.2d 682, 685 n. 3 (1989) (alteration in original), *aff'd,* 318 Md. 615, 569 A.2d 693 (1990). The *Laubach* court went on to hold that, "upon 'renewal' of a motion for judgment at the close of all the evidence, reference to a memorandum, previously submitted to the court, which sets forth with particularity the arguments in support of the motion is sufficient compliance with Maryland Rule 2–519(a)." *Id.* at 216, 556 A.2d at 689.[5]

*Wolfe Bros., Inc. v. Frederick County Nat'l Bank,* 78 Md. App. 119, 552 A.2d 932, *cert. denied sub nom. Frederick County Nat'l Bank v. J.S. Mason Constr.,* 316 Md. 364, 558 A.2d 1206 (1989), held that counsel's stating, " 'Then, again, same motion, same reasons,' " did not satisfy Rule 2–519(a)'s particularity requirement, notwithstanding a sufficiently particularized motion for judgment made at the close of the adversary's case. *Id.* at 122, 552 A.2d at 933. Because *Wolfe*

---

**5.** It is interesting to note that in *Hickey v. Kendall,* 111 Md.App. 577, 603 n. 15, 683 A.2d 789, 802 n. 15 (1996), *aff'd on other grounds sub nom. Kendall v. Nationwide Ins. Co.,* 348 Md. 157, 702 A.2d 767 (1997), the Court of Special Appeals nevertheless relied on *Ford v. Tittsworth* to decline review of the ruling on a motion for judgment that "renewed" an earlier motion.

*Bros.* relied on *Ford,* which was effectively overruled, it too has no precedential value.

Nelson first argued that Carroll was liable as a matter of law prior to the start of trial when Nelson filed a motion for summary judgment on the issue of liability. Attached as an exhibit to the motion was a true test copy of the docket entries from the Circuit Court for Baltimore City in the case of *State v. Carroll,* a prosecution arising out of the events described above. That record evidenced that, based on his plea of guilty, Carroll had been convicted and sentenced for assault. In his memorandum in support of partial summary judgment, Nelson contended that

> "[b]ased upon this disposition, which adjudicated the Defendant's guilt beyond a reasonable doubt and to a moral certainty, it is plain that there is no dispute as to any material fact pertaining to the battery claim presently pending in the complaint before this court."

Partial summary judgment was denied without hearing, and the case proceeded to trial. In opening statement, while outlining what the evidence would show, defense counsel said:

> "And [Carroll] pulls out the gun, and he's talking to [Nelson] about it, and he's waving it and the next thing he knows, Mr. Nelson grabs his arm, and the gun goes off accidentally, absolutely, totally accidentally."

Immediately following the close of the opening statement by the defense, Nelson moved for judgment based on Carroll's opening statement. The following colloquy took place at the bench:

> "[NELSON'S COUNSEL]: Your Honor, based on [Carroll's] opening statement, I'll move for judgment in favor of [Nelson]. The evidence he intends to present is not a defense to the crime of battery by intoxication or any type of negligent act. And the case is *Saba v. Darling,* a Court of Appeals decision, very recent, 1990 decision [*Saba v. Darling,* 320 Md. 45, 575 A.2d 1240 (1990), *aff'g* 72 Md.App. 487, 531 A.2d 696 (1987) ]. In that case, very similar, the fellow tried to make a case for negligence saying he was

intoxicated, and he broke a man's jaw when he hit him in the face. Negligence also was not pleaded as intent if you look at the answer. All he said was—

"THE COURT: I don't quite understand. What is your point right now?

"[NELSON'S COUNSEL]: The point is, he's saying that it is unintentional, that he didn't mean to do it, that it was careless and negligent. That's not the defense of battery. Now, that you might have been—

"THE COURT: Well, let me see what you're talking about. [Apparently at this point Nelson's counsel handed the trial judge a copy of the *Saba* opinion.] Well, first of all, this case doesn't seem to be right on point, does it? Judge Cole is saying that he's deciding whether a plaintiff can recover on a theory of negligence for injuries as a result of assault and battery. That's what the opening sentence is on—

"[NELSON'S COUNSEL]: That's right. That—

"THE COURT: Well, that's not this case right off the bat.

"[NELSON'S COUNSEL]: No. Ours is the reverse of it, but what the Court of Appeals said there is that the claim is for battery, and that want of care is immaterial in a battery—

"THE COURT: Where does it say that?

"[NELSON'S COUNSEL]: It gets into it in the second page, Your Honor. I believe it's in this area here. In this case the plaintiff was trying to prove the negligence here, and he's never been charged for that, and the court said, no, what you proved is a battery.

"THE COURT: Well, the amount of testimony that you are going to present, I'm sure, that with respect to assault and battery is minor compared to the amount of testimony that you're going to submit compared to what his complaints are as a result of the shooting. I'll be glad to read this while you're going along. I'm going to hold it sub curia."

After Nelson had testified on direct, the court ruled on the motion:

"[L]et me say that I read the case that you submitted to me. I don't have the—I think the Maryland reference is here of *Saba v. Darling* by Judge Cole in the Court of Appeals, and this case is not, not on point at all, and I haven't changed my mind. So, the motion is denied with respect to the motion for summary judgment."

In his brief to the Court of Special Appeals, Nelson argued that the battery was

"established beyond a reasonable doubt and to a moral certainty by [Carroll's] plea of guilty to these charges and by his conviction of the crime of battery [sic] upon [Nelson]. Based [upon] these clear and undisputed facts, no defense of negligent or unintentional conduct can be permitted. Once [Carroll] produced a loaded handgun from his jacket pocket and fired it, striking [Nelson], a battery had occurred. Because [Carroll] set in motion the intentional series of events causing the battery ... his state of mind became immaterial as it is not a defense to claim that he was negligent in the manner in which he handled the weapon. *See Saba v. Darling ....*"

Court of Special Appeals, No. 867, September Term, 1996, Appellant's Brief at 6.

█ In the case now before us it is clear that, when Nelson made his unparticularized Rule 2–519 motion following the close of all of the evidence, he was referring back to the identical motion that he had made following opening statements when he furnished the trial court with a copy of the *Saba* opinion. The trial court's apology for not giving Nelson the opportunity to get his motion on the record prior to the court's instructing the jury indicates that the trial court anticipated the motion and is suggestive that the trial court knew the grounds on which it would be based. The instant action was not complex, involving only a one-day jury trial and a single issue as to the liability aspect of the case. In addition, in his brief to the Court of Special Appeals, Carroll

made no argument that the Rule 2–519 motion was not sufficiently particularized or that he was surprised or prejudiced due to inability to perceive the grounds for the motion. Under these circumstances, and under the decisions reviewed above, we hold that the Court of Special Appeals erred in declining to consider the merits of Nelson's argument, on which we intimate no opinion.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.*